**Judybill OSCEOLA, et al enrolled member of the Seminole Indian Tribe of Florida and all others similarly situated, Plaintiff–Appellant,**

v.

**FLORIDA DEPARTMENT OF REVE-NUE, Defendant–Appellee.**

No. 89–5234.

United States Court of Appeals, Eleventh Circuit.

Feb. 6, 1990.

Barbara L. Wolf, P.A., Ft. Lauderdale, Fla., for plaintiff-appellant.

Joseph C. Mellichamp, III, Asst. Atty. Gen., Tax Section, Eric J. Taylor, Tallahassee, Fla., for defendant-appellee.

Before HATCHETT and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HATCHETT, Circuit Judge.

In this appeal, an individual Seminole Indian, who is not a tribe representative or official, asserts that the district court erred in ruling that 28 U.S.C. § 1362, which provides federal question jurisdiction for Indian tribes, does not also serve as an exception to the bar of the Tax Injunction Act (28 U.S.C. § 1341). We affirm.

## FACTS

Judybill Osceola brought this action as an alleged class representative of all Florida Seminole Indians ("appellants"). Osceola filed this lawsuit in her individual capacity and not as an official of a recognized tribal government. She alleged that the state of Florida unconstitutionally collected sales tax and franchise tax on the purchase of vehicles, motor homes, goods and materials, telephone services, electrical services, propane gas service, and similar items purchased off the reservations but delivered or taken to Osceola's residence on the reservation. Osceola sought declaratory relief, injunctive relief, and damages in the form of a refund of tax payments erroneously assessed by the state of Florida ("state") from 1956 to the present.

## PROCEDURAL HISTORY

Osceola sought recovery under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the commerce clause. The state moved to dismiss the complaint alleging that the Tax Injunction Act (28 U.S.C. § 1341) and the eleventh amendment to the United States Constitution barred such an action. The district court granted the state's motion to dismiss and denied Osceola's motion for class certification because the issue was moot. 705 F.Supp. 1552.

The district court held that Osceola, an individual, could not invoke jurisdiction under the provisions of 28 U.S.C. § 1341. The district court also held that Osceola did not establish jurisdiction under any of the other independent statutory grounds. Alternatively, the district court held that the eleventh amendment barred the lawsuit.

## CONTENTIONS

Osceola contends that the Tax Injunction Act is not a bar to this lawsuit, and thus the district court erred when it dismissed the case for lack of jurisdiction. She also contends that the district court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(3), 42 U.S.C. § 1983, the Commerce clause of the United States Constitution, and binding case law.

The state contends that the Tax Injunction Act bars the district court from hearing a lawsuit brought by an individual Indian challenging the constitutionality of a state's sales tax.

## ISSUE

The issue is whether the Tax Injunction Act bars individual Indians from bringing a lawsuit in federal court challenging the constitutionality of a state's sales tax.[1]

## DISCUSSION

■ Section 1341 of Title 28 of the United States Code ("Tax Injunction Act" or "the Act") provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state." The Act does not confer jurisdiction, but instead limits jurisdiction which might otherwise exist. *May v. Supreme Court of Colorado*, 508 F.2d 136 (10th Cir.1974), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975). The Tax Injunction Act was intended to prevent taxpayers from using federal courts to

---

**1.** Because we conclude that the Tax Injunction Act bars this lawsuit, we need not address the other issues raised on appeal.

raise questions of state or federal law relating to the validity of particular taxes. *Wells v. Malloy,* 510 F.2d 74 (2d Cir.1975). After passage of the Act, a taxpayer must follow required state procedure and is generally deprived of access to federal courts to obtain determination of federal issues. *Geo. F. Alger Co. v. Peck,* 347 U.S. 984, 74 S.Ct. 853, 98 L.Ed. 1120 (1954). While the Act on its face bars injunctive relief, it has been judicially expanded to include suits for declaratory relief. *California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). The Act has also been applied to actions for damages, including suits for the refund of tax assessments made by a state. *Rosewell v. LaSalle Nat. Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); *Fair Assessment in Real Estate Ass'n. Inc. v. McNalry,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); *Bland v. McHann,* 463 F.2d 21 (5th Cir.1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973); *The Assiniboine & Sioux Tribes v. Montana,* 568 F.Supp. 269 (D.Mont.1983).

Unless this case fits within a recognized exception, the Tax Injunction Act clearly bars federal courts from maintaining jurisdiction under the circumstances present in this case.

█ The state correctly argues that Florida provides a "plain, speedy, and efficient remedy." The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax. Fla. Const. art. V, § 20(c)(3). Florida courts are also given power to issue declaratory and injunctive relief in tax cases. *See* Fla.Stat.Ann. § 72.011 (West Supp. 1988) and § 86.011 (West 1987). Furthermore, a Florida taxpayer has the statutory right to seek a tax refund from the state. Fla.Stat.Ann. § 215.26 (West 1971). The Florida Supreme Court has held that this statute (§ 215.26) authorizes the refund of taxes paid under an unconstitutional law. *State ex rel. Hardaway Contracting Co. v. Lee,* 155 Fla. 724, 21 So.2d 211 (1945). Moreover, this circuit has held that the

Florida tax remedies are "plain, adequate, and complete." *See Winicki v. Mallard,* 783 F.2d 1567, 1570 (11th Cir.), *cert. denied,* 479 U.S. 815, 107 S.Ct. 70, 93 L.Ed.2d 27 (1986).

█ Recognizing the applicability of the Tax Injunction Act, Osceola's principal argument is that federal jurisdiction can be invoked under what has become known as "the instrumentality exception." *Department of Employment v. United States,* 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966). This exception provides that the jurisdictional barrier of 28 U.S.C. § 1341 is "inapplicable to suits brought by the United States 'to protect itself and its instrumentalities from unconstitutional state exactions.'" *Moe v. Confederated Salish & Kooteani Tribes,* 425 U.S. 463, 470, 96 S.Ct. 1634, 1640, 48 L.Ed.2d 96 (1976) (citations omitted). The federal instrumentalities doctrine establishes "that § 1341 does not act as a restriction upon suits by the United States to protect itself or its instrumentalities from unconstitutional state action." *Dept. of Employment v. United States,* 385 U.S. at 358, 87 S.Ct. at 467. Thus, under the instrumentalities exception, a plaintiff is not required to follow state procedures and remedies before invoking the jurisdiction of the federal courts.

Indian lands have long been regarded as an instrumentality of the United States; thus, the United States can enjoin state taxation of Indian lands. *See Moses v. Kinnear,* 490 F.2d 21 (9th Cir.1973). The federal instrumentality doctrine has also been used to defeat the jurisdictional bar of section 1341 in cases where a party, other than the United States, files a lawsuit challenging the constitutionality of a state's taxing scheme.

Osceola argues that the federal instrumentality exception, as modified by the co-plaintiff's doctrine, applies to suits brought by individual Indians. *See Mescalero Apache Tribe v. Jones,* 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973); *see also Moses,* 490 F.2d 21 (9th Cir.1973) (instrumentality doctrine applies where suit could have been brought by the United States

and is in fact brought by parties who could properly be co-plaintiffs with the United States). Osceola also argues that *Confederated Salish & Kooteani Tribes v. Moe*, 392 F.Supp. 1297 (D.Mont.1975) *aff'd*, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976), allows her access to federal courts. *Moe* involved a consolidated appeal by an Indian tribe and also by class representatives of individual tribe members. A special three-judge district court panel accepted jurisdiction based on the federal instrumentality doctrine. The district court concluded:

> While the exceptions to section 1341 have been expressed most often in terms of the federal instrumentality doctrine, we do not view the exceptions as limited to cases where this doctrine is clearly applicable. It seems clear [that section 1341] does not bar federal court jurisdiction in cases where immunity from state taxation is asserted on the basis of federal law with respect to persons or entities in which the United States has a real and significant interest.

*Moe*, 392 F.Supp. at 1303. The Supreme Court affirmed the district court, holding that, notwithstanding the provisions of 28 U.S.C. § 1341 prohibiting a federal district court from enjoining the assessment of any state tax where an adequate remedy may be had in state courts, the district court had jurisdiction under 28 U.S.C. § 1362. *Moe v. Confederated Salish & Kooteani Tribes*, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). Relying on the district court's reasoning and the Supreme Court's affirmance, Osceola argues that 28 U.S.C. § 1341 is not a bar to suits brought by individual Indians where the United States has a real and significant interest.

Osceola's reliance on *Moe* is misplaced. Although the *Moe* Court affirmed the district court's finding of jurisdiction, it did so on grounds different from those Osceola asserts. In affirming, the Court stated that Indian tribes suing pursuant to 28 U.S.C. § 1362 were not barred by the provi-

sions of 28 U.S.C. § 1341.[2] The Court concluded that "all substantive issues raised on appeal can be reached by deciding the claims of the tribe alone, which [brought the] action in the district court under section 1362." The *Moe* Court then examined the legislative history of 28 U.S.C. § 1362 to determine whether Indian tribes suing under section 1362 are exempt from the provisions of 28 U.S.C. § 1341.

Initially, the Court noted "that the mere fact that a jurisdictional statute such as § 1362 speaks in general terms of 'all' enumerated civil actions does not itself signify that Indian tribes are exempted from the provisions of § 1341." *Moe* 425 U.S. at 472, 96 S.Ct. at 1641. After determining that section 1362 does not provide a blanket exemption to 28 U.S.C. § 1341, the Court examined the legislative history of section 1362 to determine if it contemplated an exemption under the circumstances before the Court. The Court concluded that Congress "intended to open the federal courts to the kind of claims that could have been brought by the United States as trustee, but for whatsoever reason were not so brought." *Moe*, 425 U.S. at 472, 96 S.Ct. at 1641. The Court further concluded "that Congress contemplated that a tribe's access to federal court to litigate a matter arising 'under the Constitution, laws, or treaties' would be at least in some respects as broad as that of the United States suing as the *tribe's* trustee." *Moe*, 425 U.S. at 473, 96 S.Ct. at 1641 (emphasis added). The *Moe* Court reasoned that, "[s]ince the United States is not barred by section 1341 from seeking to enjoin the enforcement of a state tax law, [citation omitted] ... the tribe is not barred from doing so here." *Moe*, 425 U.S. at 474–75, 96 S.Ct. at 1642.

■ The Supreme Court's analysis leads us to conclude that only an Indian tribe or a governing body duly recognized by the Secretary of the Interior, can rely on section 1362 to defeat the jurisdictional bar of 28 U.S.C. § 1341. Contrary to Osceola's

---

**2.** Title 28 U.S.C. § 1362 states:

The district courts shall have original jurisdiction of all civil actions, brought by an Indian Tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws or treaties of the United States.

assertion, nothing in *Moe* suggests that the Supreme Court extended the federal instrumentality exception to suits in federal courts by individual Indians. In fact, the court clearly rejected the district court's expansive interpretation of the federal instrumentality doctrine by stating that

> [w]hile the concept of a federal instrumentality may well have greater usefulness in determining the applicability of section 1341, [citation omitted] than in providing the touchstone for deciding whether or not Indian tribes may be taxed, [citation omitted] *we do not believe that the district court's expanded version of this doctrine, quoted above, can by itself avoid the bar of section 1341.* [Emphasis added.]

*Moe*, 425 U.S. at 471–72, 96 S.Ct. at 1640.

In arguing that the federal instrumentality exception extends to suits brought by individual Indians, Osceola also relies on *Omaha Tribe v. Peters*, 516 F.2d 133 (8th Cir.1975). In *Omaha Tribe*, the Eighth Circuit, relying on *Moses v. Kinnear*, 490 F.2d 21 (9th Cir.1973), held that individual Indians could assert the federal instrumentality exception to defeat the jurisdictional bar to 28 U.S.C. § 1341. *Omaha Tribe*, 516 F.2d at 136. The *Moses* decision, however, was later expressly rejected by the Ninth Circuit in *Dillon v. Montana*, 634 F.2d 463 (9th Cir.1980). The *Dillon* court, relying on *Moe*, held that the federal instrumentality exception extends only to suits brought by Indian tribes. *Dillon*, 634 F.2d at 469. *See also Navajo Tribal Utility Authority v. Arizona Dept. of Revenue*, 608 F.2d 1228, 1233–34 (9th Cir.1979) (individual tribe members could not be treated as an Indian tribe or band for the purposes of 28 U.S.C. § 1362 and could not reap the benefit of the co-plaintiff rule to avoid the jurisdictional bar of 28 U.S.C. § 1341). Additionally, the *Dillon* court rejected the argument that individual Indians are exempt from the provisions of 28 U.S.C. § 1341 based on 28 U.S.C. § 1362.

## CONCLUSION

We conclude that the state has a plain, speedy and efficient remedy for any al-

leged constitutional violation of its sales tax provisions. Thus, the Tax Injunction Act bars Osceola from challenging the state's sales tax. The district court is affirmed.

AFFIRMED.