Sergio RENDON, JoAnn M. Norris, and James J. Silcock, individually and on behalf of all others similarly situated, Plaintiffs,

v.

STATE OF FLORIDA, Lawton Chiles, in his official capacity as Governor and Chief Executive Officer of the State of Florida, Florida Highway Safety and Motor Vehicles Department, an agency of the State of Florida, Fred O. Dickinson, III, in his official capacity as Executive Director of the Florida Highway Safety and Motor Vehicles Department, Florida Transportation Department, an agency of the State of Florida, and Ben G. Watts, in his official capacity as Secretary of the Florida Transportation Department, Defendants.

No. 95–1628–CIV.

United States District Court,
S.D. Florida,
Miami Division.

June 12, 1996.

Karen A. Gievers, Gievers & Gonzalez, Miami, FL, Michael Franklin Lanham, Michael F. Lanham, P.A., Miami, FL, for Plaintiffs.

Stephen A. LeClair, Assistant Attorney General, Office of the Attorney General, Civil Division, Hollywood, FL, Eric J. Taylor, Assistant Attorney General, Office of the Attorney General, Tallahassee, FL, Joseph Mancilla, State of Florida, Department of Transportation, Tallahassee, FL, for Defendants.

### OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon (1) Defendant Florida Department of Transportation's Motion to Dismiss (DE # 6), (2) Defendants State of Florida, Lawton Chiles, Florida Department of Highway Safety and Motor Vehicles, and Fred O. Dickinson III's Motion to Dismiss (DE # 11); (3) Defendant Florida Department of Transportation and Ben G. Watts' Motion for Leave to File a Supplemental Motion to Dismiss (DE # 13); and (4) Plaintiffs' Request for Oral Argument (DE # 20).

THE COURT has considered the Motions, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it enters the following Order.

### BACKGROUND

Plaintiffs Sergio Rendon, JoAnn M. Norris, and James J. Silcock bring this action alleging violations of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Specifically, Plaintiffs challenge Fl.Stat.Ann. § 320.0848, which governs the issuance of exemption parking permits for disabled motorists.

Fl.Stat.Ann. § 320.0848, in relevant part, provides:

(2) **Exemption parking permit; persons with permanent mobility problems.—**

$$* \quad * \quad * \quad * \quad * \quad *$$

(c) 1. ... the fees for the exemption parking permit and renewal are $15 for the initial parking permit, $1 for each additional parking permit, $15 for each renewal parking permit, and $1 for each additional renewal parking permit. The Department of Highway Safety and Motor Vehicles shall receive $13.50 from the moneys derived from the proceeds of the initial exemption parking permit fee and $13.50 from the moneys derived from the proceeds of the renewal fee therefor, and the tax collector of the county in which the fee was generated shall receive $1.50 from each such fee, to defray the expenses of administering this section.

(c) 2. If an applicant who is a disabled veteran ... the fees are $1.50 for the initial parking permit, $1 for each additional parking permit, $1.50 for each renewal parking permit, and $1 for each additional renewal parking permit. The fee must be

paid to the tax collector of the county in which the fee is generated ...

(3) **Exemption parking permit; temporary.—**

\* \* \* \* \* \*

(b) The application form shall be accompanied by a fee in the amount of $15. Such fee shall be distributed as follows:

1. To the tax collector for processing: $2.50.

2. To the Department of Highway Safety and Motor Vehicles: $3.50. Such fee shall be deposited into the Highway Safety Operating Trust Fund to be used for implementation of a real-time handicapped parking database and replacement parking permit program and for operations of the department.

3. To the Florida Governor's Alliance for the Employment of Disabled Citizens for the purpose of improving employment and training opportunities of person with disabilities with special emphasis on removing transportation barriers: $4. Such fees shall be deposited into the Transportation Disadvantaged Trust Fund for transfer to the Florida Governor's Alliance for the Employment of Disabled Citizens.

4. To the Transportation Disadvantaged Trust Fund for the purpose of funding matching grants to counties for the purpose of improving transportation of persons with disabilities: $5.

Fl.Stat.Ann. § 320.0848.

### DISCUSSION

There are presently two motions to dismiss before the Court. Defendants Department of Transportation and Ben G. Watts (collectively, the "FDOT Defendants") filed a motion to dismiss for failure to state a claim on August 31, 1995.[1] Defendants State of Florida, Lawton Chiles, Florida Department of Highway Safety and Motor Vehicles, and Fred O. Dickinson III (collectively, "the State of Florida Defendants") filed their motion to dismiss for lack of subject matter

jurisdiction and failure to state a claim on September 5, 1995. The FDOT Defendants have joined in the State of Florida Defendants' motion to dismiss.

### I. Motion to Dismiss Standard

■■■ When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (citations omitted).

### II. The State of Florida Defendants' Motion to Dismiss

The State of Florida Defendants present the following two issues in their motion to dismiss:

1. Whether the Congressional waiver of the State's immunity, pursuant to the Eleventh Amendment to the United States Constitution, contained in the [ADA], 42 U.S.C. § 12202, also waives or negates the State's immunity from suit on state tax matters under the Tax Injunction Act, 28 U.S.C. § 1341?

2. If 42 U.S.C. § 12202 does not override 28 U.S.C. § 1341, whether a federal district court may rule on purely state tax law questions in resolving a state tax dispute between the state and its taxpayers despite the congressional prohibition of federal court interference in state tax law questions as set out in the Tax Injunction Act, 28 U.S.C. § 1341?

■■■ The State of Florida Defendants argue that the Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act,

---

1. Defendant Ben G. Watts was not a part of the FDOT's motion to dismiss filed on August 31, 1995. However, he joined in FDOT's motion by filing a motion for leave to file a supplemental motion to dismiss on September 12, 1995. Plaintiffs filed an omnibus response to the FDOT's motion to dismiss and the FDOT Defendants' supplemental motion to dismiss.

28 U.S.C. § 1341. Plaintiffs counter that the Court has jurisdiction over their ADA claim and that the ADA vitiates any immunity that the State of Florida Defendants may otherwise be entitled to.[2]

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the Tax Injunction Act specifically bars injunctive relief, it has been expanded to suits seeking declaratory relief as well as damages. *Osceola v. Florida Dept. Of Revenue*, 893 F.2d 1231, 1233 (11th Cir.1990), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 674, 112 L.Ed.2d 667 (citations omitted); *see also Travelers Ins. Co. v. Cuomo*, 14 F.3d 708, 713 (2d Cir.1993), *cert. granted, New York State Conference of Blue Cross & Blue Shield v. Travelers Ins. Co.*, — U.S. —, 115 S.Ct. 305, 130 L.Ed.2d 217 (1994) and *rev'd on other grounds*, — U.S. —, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (citation omitted).[3]

The purpose of the Tax Injunction Act is to prevent taxpayers from using the federal courts to challenge the validity of a particular tax, *Osceola*, 893 F.2d at 1232–33 (citation omitted), and the statute is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems. *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir.1979).[4] Accordingly, the Tax Injunction Act does not confer jurisdiction but instead limits jurisdiction which might otherwise exist. *Osceola*, 893 F.2d at 1232 (citation omitted). The Tax Injunction Act, however, is

not absolute and is applicable only if two conditions are met: (1) the surcharge at issue must constitute a "tax"; and (2) the available state remedies must be "plain, speedy and efficient." *Travelers Ins. Co.*, 14 F.3d at 713 (citation omitted); *Miami Herald Pub. Co. v. City of Hallandale*, 734 F.2d 666, 670 (11th Cir.1984), *clarified*, 742 F.2d 590 (11th Cir.1984).

In determining whether the surcharge is a tax or fee, the court must look to the purpose of the surcharge. If the surcharge is a revenue-raising mechanism, then it will be deemed a tax; if it is assessed for regulatory or punitive reasons, then it will constitute a fee. *Travelers Ins. Co.*, 14 F.3d at 713 (citation omitted); *Miami Herald*, 734 F.2d at 670 (citation omitted).

The State of Florida Defendants argue, and the Court agrees, that the surcharge collected under Fl.Stat.Ann. § 320.0848 constitutes a tax. First, the State of Florida Defendants argue that the surcharge is not assessed for regulatory reasons and bears no relationship to the cost of regulating the program.[5] The State of Florida Defendants contend that the surcharge far exceeds the cost of regulations. The State of Florida Defendants also point out that the local "tag agent," the local tax collector, collects the $15 surcharge for the permits and retains a small portion of the surcharge (*i.e.*, $1.50 for permanent exemption permits; $2.50 for temporary exemption permits) for the costs of administering the permit process. Second, the State of Florida Defendants argue that the one of the surcharge's purposes is to raise revenue for programs aimed at assisting the

---

**2.** The parties do not dispute that Defendants are not immune from suit under the ADA. The ADA provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.

**3.** In *New York State Conference of Blue Cross & Blue Shield*, the Supreme Court did not address the applicability of the Tax Injunction Act in light of the fact that the parties did not challenge the lower courts' conclusions. — U.S. at — n. 4, 115 S.Ct. at 1675 n. 4.

**4.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

**5.** The Eleventh Circuit in *Miami Herald* noted that, "[i]n some cases, a single provision may be both revenue raising and regulatory in purpose; in other cases, a regulatory provision cannot be singled out and set aside without doing violence to the revenue raising provisions of the measure." 734 F.2d at 671. The Eleventh Circuit held that, in these situations, the Tax Injunction Act dictates that no attempt be made to sever the claims or provisions. *Id.* at 671–72.

disabled.[6] Specifically, the State of Florida Defendants contend that the portion of the surcharge which does not go to the local tax collector goes to the Department of Highway Safety and Motor Vehicles or to one of two trust funds (*i.e.*, the Florida Governor's Alliance for Employment of Disabled Citizens or the Transportation Disadvantages Trust Fund).

In their opposing memorandum of law, Plaintiffs do not address whether the surcharge collected under Fl.Stat.Ann. § 320.0848 is a tax or fee. However, it appears that even Plaintiffs believe that the surcharge is a tax rather than a fee. In their class action complaint, Plaintiffs repeatedly allege that the ADA violation arises out of the "illegal tax" collected under Fl.Stat.Ann. § 320.0848. Compl., ¶ 22, 32, 36. Further, Plaintiffs allege that the surcharge far exceeds the cost of administering the permits program. Compl., ¶ 35. Plaintiffs also allege that the purpose of the surcharge is to fund various programs for the disabled and the general population. Compl., ¶ 32.

▮ Because the Court finds that the surcharge constitutes a tax under state law, it turns to the next issue, *i.e.*, whether Plaintiffs have a "plain, speedy and efficient" remedy under state law. The Supreme Court has held that the "plain, speedy and efficient" requirement under the Tax Injunction Act mandates that the state-court remedy meet certain minimum procedural requirements. *California v. Grace Brethren Church,* 457 U.S. 393, 411, 102 S.Ct. 2498, 2509, 73 L.Ed.2d 93 (1982) (citing *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 512, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981)). Specifically, the state-court remedy must provide the taxpayer with a full hearing and judicial determination in which the taxpayer may raise any and all constitutional objections to the tax. *Id.* (citation omitted).

As the Eleventh Circuit in *Osceola* determined, Florida provides its taxpayers with a "plain, speedy and efficient remedy" for challenging a state tax. *Osceola,* 893 F.2d at

1233. The Florida state courts have jurisdiction to hear challenges to any state tax, and they have the power to grant declaratory and injunctive relief in tax cases. *Id.* In addition, a Florida taxpayer has the right to seek a tax refund from the state, and the Florida courts may award the refund of taxes paid under an unconstitutional law. *Id.* Since the surcharge under Fl.Stat.Ann. § 320.0848 constitutes a tax and Plaintiffs have a "plain, speedy and efficient" remedy in state court, the Court concludes that it does not have subject matter jurisdiction over this case.

▮ However, Plaintiffs argue that the ADA trumps any immunity that the state may have under the Tax Injunction Act. The Court rejects this argument. The Tax Injunction Act is a broad reaching statute and, as stated above, it divests the federal courts of jurisdiction which might otherwise exist. *Osceola,* 893 F.2d at 1232 (citation omitted). Insofar as the state court has jurisdiction over ADA cases, 42 U.S.C. § 12202, the Court finds that Plaintiffs may raise all challenges to the surcharge under Fl.Stat.Ann. § 320.0848, including claims that the surcharge violates the ADA, in the state court. Accordingly, the Court grants the State of Florida Defendants' motion to dismiss for lack of subject matter jurisdiction. In light of the fact that the FDOT Defendants have joined in the motion to dismiss, the Court also will dismiss the FDOT Defendants from this action and will not address the FDOT Defendants' motion to dismiss for failure to state a claim.

### CONCLUSION

It is ORDERED AND ADJUDGED as follows:

1. Defendant Florida Department of Transportation's Motion to Dismiss, is DENIED AS MOOT.

2. Defendants State of Florida, Lawton Chiles, Florida Department of Highway Safety and Motor Vehicles, and Fred O. Dickinson III's Motion to Dismiss, in which Defen-

---

6. The fact that the surcharge is earmarked for specific funds for the disabled does not undermine the Court's conclusion that the surcharge is a tax. *See, e.g., Wright v. McClain,* 835 F.2d 143,

145 (6th Cir.1987) (finding that the levies in question, although used for a particular fund, were directly related to the general welfare of the state's citizens).

dants Florida Department of Transportation and Ben G. Watts have joined, is GRANTED.

3. Defendants Florida Department of Transportation and Ben G. Watt's Motion for Leave to File a Supplemental Motion to Dismiss is GRANTED *nunc pro tunc.*

4. Plaintiffs' Request for Oral Argument is DENIED AS MOOT.

5. All pending motions not otherwise ruled on are DENIED AS MOOT.

DONE AND ORDERED.