On Remand from the United States Supreme Court

COPE, C.J.
This class action challenged the fees which were imposed by the State of Flori *650 da for issuance and renewal of disabled parking permits. The trial court granted declaratory, injunctive, and monetary relief, ruling that the fees violated a regulation promulgated under the federal Americans with Disabilities Act (“ADA”). We affirm the declaratory and injunctive relief, but remand the issue of monetary relief to the trial court for further proceedings.
I.
In 2001 the trial court entered its class action judgment, and the defendants[1] appealed to this court. This court’s opinion summarized the proceedings as follows:
Various handicapped drivers sued the agency in a class action for declaratory and injunctive relief and to recover fees paid for parking placards that allow them to park in spaces reserved for the handicapped. The complaint alleged that the imposition of the fee violated Title II of the Americans with Disabilities Act [ADA], specifically 42 U.S.C. § 12132, and 28 C.F.R. § 35.130(f), a Department of Justice regulation implementing Title II. The regulation provides that
A public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.
Until 2002, the State charged a $15.00 fee for the handicapped parking placards. See Fla. Stat. § 320.0848(2)(c) (2001). As of 2002, that fee has been replaced by an administrative processing charge of $1.50. Ch.2002-20, § 121 at p. 577, Laws of Fla.
History of the Litigation
Plaintiffs first filed their actions in federal court; those actions were dismissed on the grounds that the Federal Tax Injunction Act, 28 U.S.C. § 1341, “divests the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a ‘plain, speedy and efficient remedy.’ ” Lussier v. State of Florida) Dep’t of Highway Safety & Motor Vehicles, 972 F.Supp. 1412, 1417 (M.D.Fla.1997); see also Rendon v. State of Florida, Dep’t of Highway Safety & Motor Vehicles, 930 F.Supp. 601 (S.D.Fla.1996). Both district courts held that Florida’s surcharge for handicapped parking placards constituted a tax, and that plaintiffs’ remedies were in state court, pursuant to section 320.0848, Florida Statutes. “Insofar as the state court has jurisdiction over ADA cases, 42 U.S.C. § 12202, the Court finds that Plaintiffs may raise all challenges to the surcharge under Fla. Stat. Ann. § 320.0848, including claims that the surcharge violates the ADA, in the state court.” Rendon, 930 F.Supp. at 605. Having ruled that they lacked subject matter jurisdiction, the courts did not reach the merits of the actions.
In 1996, plaintiffs filed a class action complaint against the agency in state court, seeking declaratory and injunctive relief and damages consisting of repayment of the allegedly unlawful parking placard tax. The trial court granted class certification; denied defendants’ motion to dismiss; denied the agency’s motion for summary judgment; and *651 granted the plaintiffs’ motion for summary judgment. The trial court ruled, inter alia,
1) that plaintiffs did not have to first exhaust administrative remedies before challenging the tax as a violation of the ADA;
2) that the action was not time-barred by the three-year claim period specified in section 215.26(2), Florida Statutes; and
3) that sovereign immunity had been waived under Title II of the ADA. The court declared that “Florida’s
statutory scheme of requiring the payment of a fee for a disabled parking permit under Fla. Stat. § 320.0848 violates Title II of the Americans with Disabilities Act.” The court enjoined the State from requiring the payment of any fee for a handicapped parking permit from future permit applicants, and ordered the State to reimburse plaintiffs for parking permit fees collected since January 26,1992, plus interest.
State of Fla., Dept. of Highway Safety v. Rendon, 832 So.2d 141, 142-44 (Fla. 3d DCA 2002) (“Rendon I”), review denied, 851 So.2d 729 (Fla.2003), vacated, 541 U.S. 1059, 124 S.Ct. 2387, 158 L.Ed.2d 960 (2004).
This court reversed the class action judgment, holding that Title II of the ADA did not abrogate Florida’s Eleventh Amendment immunity from suit. Rendon I, 832 So.2d at 145-47. For the same reason, this court also held that the United States Department of Justice “exceeded its rulemaking authority in enacting 28 C.F.R. § 35.130(f), which bars the imposition of any surcharge for accessibility programs and measures.” Id. at 146 (citing Brown v. North Carolina Division of Motor Vehicles, 166 F.3d 698 (4th Cir.1999)). Rendon I, 832 So.2d at 146. The Florida Supreme Court denied review. Rendon v. Fla. Dept. of Highway Safety & Motor Vehicles, 851 So.2d 729 (Fla.2003).
The' United States Supreme Court granted the plaintiffs’ petition for writ of certiorari, vacated this 'court’s judgment, and remanded the matter to this court for further consideration in light of Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). In Lane, the Court held that Congress acted within its powers under section 5 of the Fourteenth Amendment when it enacted Title II of the ADA, as applied to disabled persons’ rights of access to judicial services. Id. at 513, 531, 124 S.Ct. 1978; see also United States v. Georgia, 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006). On remand, the appeal was rebriefed and reargued. As this court’s judgment was vacated in its entirety, we have revisited all of-the issues on appeal. We now affirm in part and reverse in part.
II.
We begin by considering the nature of Eleventh Amendment immunity as it applies to a case pending in state court. For a state court suit, -Eleventh Amendment immunity is in substance the State’s sovereign immunity against being sued for damages without the State’s consent. See Lane, 541 U.S. at 517, 124 S.Ct. 1978; Alden v. Maine, 527 U.S. 706, 711-13, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).[2]
*652 Important for present purposes, Eleventh Amendment (or sovereign) immunity bars an unconsented action against a state for damages, but does not bar a suit for nonmonetary relief, such as an injunction. This point was made in Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), where Eleventh Amendment immunity barred plaintiffs action for damages under Title I of the ADA, but did not bar injunctive relief. Garrett, 531 U.S. at 374 n. 9, 121 S.Ct. 955.
III.
In this case the plaintiffs sought nonmonetary relief in the form of a declaratory judgment and an injunction. As the Garrett decision explains, Eleventh Amendment immunity does not bar claims for nonmonetary relief. It follows that the declaratory judgment and injunction in this case are not barred by Eleventh Amendment immunity—a conclusion also reached by this court’s panel in Rendon I. See 832 So.2d at 146.
Turning to the merits, at the time the trial court entered judgment, Florida charged a $15 fee for disabled parking permits, which were good for four years. The trial court ruled that these fees violated 28 C.F.R. § 35.130(f), which states that “[a] public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiseriminatory treatment required by the Act or this part.”
On November 14, 2001, the trial court entered its declaratory judgment that Florida’s fees for a disabled parking permit violated the federal regulation and thereby the ADA. On that date the court enjoined the defendants from requiring the payment of any fee for a disabled parking permit for future permit applications. We conclude that the trial court correctly interpreted the federal regulation.
The next question is whether the federal regulation is valid. The prior panel held that the Department of Justice had exceeded its rulemaking authority in enacting 28 C.F.R. § 35.130(f). Rendon I, 832 So.2d at 146. For that proposition the panel relied on the Fourth Circuit decision in Brown v. North Carolina Division of Motor Vehicles, 166 F.3d at 706-08.
On further consideration, we conclude that Brown does not apply to an action for nonmonetary relief. Brown was a suit for damages against the State of North Carolina, seeking to recover the disabled parking permit fees that plaintiffs had paid. Under Eleventh Amendment precedent, it is possible for Congress to enact a federal law which will override a State’s Eleventh Amendment immunity-if certain constitutional tests are satisfied. See Lane, 541 U.S. at 517, 124 S.Ct. 1978. The question in Brown was whether the federal regulation, 28 C.F.R. § 35.130(f), met the necessary tests to abrogate North Carolina’s Eleventh Amendment immunity from a suit for damages. Id. The Brown court’s answer to that question was no—the federal regulation did not validly overcome North Carolina’s Eleventh Amendment immunity—so Brown’s suit for damages was dismissed.
*653 The Brown Eleventh Amendment analysis simply does not apply to a suit for nonmonetary relief like the prospective declaratory and injunctive relief in this case. As we see no valid barrier to enforcement of the federal regulation, we affirm that part of the trial court’s order granting nonmonetary declaratory and injunctive relief.[3]
IY.
We next consider the parties’ arguments regarding that part of the judgment which requires the Department to reimburse the plaintiff class for disabled parking permit fees collected since January 26, 1992, plus interest.
The Department maintains that the plaintiffs’ claim for monetary relief is barred by Eleventh Amendment (or sovereign) immunity. We conclude that sovereign immunity has been waived because (as the defendants told the federal courts) Florida has adopted a statutory procedure for claiming a tax refund where no tax is due.
Florida has established a statutory procedure for obtaining a refund of a tax payment where no tax was due. At the time the plaintiffs filed this suit, the statute stated:
215.26 Repayment of funds paid into State Treasury through error.—
(1) The Comptroller of the state may refund to the person who paid same, or his or her heirs, personal representatives, or assigns, any moneys paid into the State Treasury which constitute:
(a) An overpayment of any tax, license, or account due;
(b) A payment where no tax, license, or account is due; and
(c) Any payment made into the State Treasury in error;
and if any such payment has been credited to an appropriation, such appropriation shall at the time of making any such refund, be charged therewith.
[[Image here]]
(4) This section is the exclusive procedure and remedy for refund claims between individual funds and accounts in the State Treasury.
[[Image here]]
(6) A taxpayer may contest a denial of refund of tax, interest, or penalty paid under a section or chapter specified in s. 72.011(1) pursuant to the provisions of s. 72.011.
§ 215.26, Fla. Stat. (Supp.1996) (emphasis added).
Under section 215.26, a taxpayer can obtain a refund of a fee paid where no fee was owed. Sarnoff v. Fla. Dept. of Highway Safety & Motor Vehicles, 825 So.2d 351, 356 (Fla.2002).[4] The taxpayer *654 may bring suit if the taxpayer’s administrative request for a refund is denied.
Eleventh Amendment (or sovereign) immunity bars a suit against a State for monetary relief, where the State has not consented to be sued. See Lane, 541 U.S. at 517, 124 S.Ct. 1978. For tax refunds under section 215.26 the State has consented to be sued, and the immunity has been waived. See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, 496 U.S. 18, 49 n. 34, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) (“the State waived any sovereign immunity from suit through Fla. Stat. § 215.26’s authorization of a state-court refund action ... ”). Since the immunity has been waived, there is no need for further consideration under Lane.[5]
V.
We next turn to the merits of the judgment ordering reimbursement of parking permit fees paid since January 26, 1992. Under Florida precedent, it was necessary for each individual class member to make an application for refund under section 215.26 within the statutory time limit.
The Florida Supreme Court has held that compliance with section 215.26 will be excused “when the claim is solely that the refund is required because the tax is unconstitutional .... ” Dept. of Revenue v. Nemeth, 733 So.2d 970, 974 (Fla.1999) (footnote omitted). The court went on to say, “If the refund is claimed on any other basis, there must be compliance with section 215.26 ....” Id. at 974 n. 6.
In the present case the plaintiffs’ claim is that the parking permit fee is preempted by 28 C.F.R. § 35.130(f). That falls short of a claim that Florida’s disabled parking permit fee is unconstitutional. See Sarnoff v. Fla. Dept. of Highway Safety & Motor Vehicles, 825 So.2d at 355, 357. It follows that “all of the potential members of the class would be required to apply for a refund before joining a class action suit in this case.” P.R. Marketing Group, Inc. v. GTE Fla., Inc., 747 So.2d 962, 964 (Fla. 2d DCA 1999). A demand by the class representatives for a refund on behalf of the entire class is not sufficient. Id. at 963-64.
The summary judgment record now before us does not reveal which class members, if any, made application for a refund under section 215.26 within the statutory time limit. We therefore reverse the portion of the judgment which requires refunds and remand for consideration of monetary relief for only those claimants who timely applied for a refund under section 215.26, and for other proceedings consistent herewith.
VI.
The plaintiffs have requested attorney’s fees for this appeal under the attorney’s fees provision of the ADA, which states:
In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee, including litigation expenses, and costs, and the United States *655 shall be liable for the foregoing the same as a private individual.
42 U.S.C. § 12205.
We conclude that the plaintiffs have prevailed in part on this appeal, because this court has affirmed the grant of declaratory and injunctive relief sought by the plaintiffs. The plaintiffs have not been successful in this appeal in defending the judgment for a refund to the class. We grant appellate attorney’s fees for that portion of the appellate proceedings reasonably attributable to the claim for declaratory and injunctive relief.
The defendants oppose the plaintiffs’ entitlement to such attorney’s fees. The defendants point out that under federal precedent under the Tax Injunction Act, federal law does not impose a requirement for the state court to award declaratory and injunctive relief in state tax cases when an adequate legal remedy exists in state court, such as an action for a refund. See National Private Truck Council, Inc. v. Oklahoma Tax Comm’n, 515 U.S. 582, 589, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995). The defendants say that since Florida provides a procedure for obtaining a tax refund, it follows that the plaintiffs are not entitled to declaratory and injunc-tive relief. Defendants maintain that if plaintiffs are not entitled to obtain declaratory and injunctive relief, then the plaintiffs are not entitled to attorney’s fees for obtaining such relief.
The defendants have overlooked a key portion of National Private Truck Council, which explains that the decision is announcing a rule of federal law and that the states are free to follow their own law. Id. at 592, 115 S.Ct. 2351. “[S’Jtate courts are free to issue injunctions and declaratory judgments under state law.” Id. (emphasis in original).
Under Florida law, it is settled that declaratory and injunctive relief are available in tax controversies, including a claim that a tax is illegal. See 51 Fla. Jur.2d Taxation §§ 494, 550, 595, 599 (2006), and cases cited therein. In this case, the plaintiffs claim that the Florida disabled parking permit fee is illegal. Under Florida law, the request for declaratory and in-junctive relief was proper. We therefore grant appellate attorney’s fees attributable to the claims for declaratory and injunctive relief, and remand to the trial court to determine the amount.
VII.
For the stated reasons, we affirm the judgment insofar as it granted prospective declaratory and injunctive relief. We reverse the judgment insofar as it grants monetary relief, and remand for further proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The defendants-appellants are the State of Florida Department of Highway Safety and Motor Vehicles, its Executive Director, Fred O. Dickinson, III, the Florida Department of Transportation, and its Secretary, Ben G. Watts.

. The Alden Court explained:
We have ... sometimes referred to the States’ immunity from suit as “Eleventh Amendment immunity.” The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, -the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a funda *652 mental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.
Id. at 712-13, 119 S.Ct. 2240.

. After the appeal was filed in this case, the Legislature amended the Florida Statutes so as to eliminate the $15 fee, substituted instead an administrative processing fee of $1.50 which is paid to the county tax collector for the issuance of each disabled parking permit. Ch.2002-20, § 121, Laws of Fla. We express no opinion on the effect of the 2002 statutory amendment on this litigation.

. As mentioned at the outset of this opinion, the plaintiffs originally filed this class action in federal court. There were actually two such actions, one in the Southern District of Florida and the other in the Middle District of Florida. See Lussier v. State of Fla., Dept. of Highway Safety & Motor Vehicles, 972 F.Supp. 1412 (M.D.Fla.1997); Rendon v. State of Florida, 930 F.Supp. 601 (S.D.Fla.1996). In both cases the defendants successfully argued that the federal Tax Injunction Act prohibited suit in federal court. Under that statute, a taxpayer cannot use the federal courts to challenge the validity of a state tax so long as the state court provides a plain, speedy, and efficient remedy. Rendon, 930 F.Supp. at 604. Both courts dismissed, reasoning that the plaintiffs must proceed with a challenge *654 under Florida law. Lussier, 972 F.Supp. at 1421-23, Rendon, 930 F.Supp. at 604-05. The plaintiffs thereafter filed this action in state court.

. The Lane case set forth the analysis to be applied where (a) there was no waiver of immunity, and (b) it was necessary to determine whether Congress in enacting Title II of the ADA had validly overcome the State’s Eleventh Amendment immunity as applied to the circumstances of the particular program or service at issue. See Lane, 541 U.S. at 517, 124 S.Ct. 1978.