[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12793

Non-Argument Calendar

_____

VONN CAPEL,
BENJAMIN BLANCHARD,

                                        Plaintiffs-Appellants,

*versus*

PASCO COUNTY,
a political subdivision of the State of Florida ,
PASCO COUNTY PROPERTY APPRAISER OFFICE,
a municipal corporation, an agency of Pasco County,
PASCO COUNTY TAX COLLECTOR OFFICE,
a municipal corporation, an agency of Pasco County,
MIKE WELLS,
In his individual and official capacity,
MIKE FASANO,

2                    Opinion of the Court                  24-12793

In his individual and official capacity,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-00352-WFJ-CPT

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Benjamin Blanchard and Vonn Capel, proceeding *pro se*, appeal the district court's dismissal with prejudice of their amended complaint alleging state and federal claims related to Florida's *ad valorem* property tax scheme for lack of subject-matter jurisdiction and frivolousness.[1]  Blanchard and Capel also appeal the district court's denial of their motion for jurisdictional discovery.  We address each issue in turn.

---

[1] Because we affirm the district court's conclusion that it lacked subject-matter jurisdiction, we do not address Blanchard's and Capel's frivolity arguments.

## I. DISCUSSION

### A. Jurisdiction

We review the district court's determination that it lacked subject-matter jurisdiction *de novo*. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021). The Tax Injunction Act (TIA), 28 U.S.C. § 1341, does not confer jurisdiction but limits jurisdiction that might have otherwise existed. *Osceola v. Florida Dep't of Revenue*, 893 F.2d 1231, 1232 (11th Cir. 1990). Under the TIA, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Thus, the TIA bars the exercise of federal jurisdiction if "(1) the relief requested by the plaintiff will enjoin, suspend, or restrain a state tax assessment and (2) the state affords the plaintiff a plain, speedy, and efficient remedy." *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984) (quotation marks omitted). The burden is on the plaintiff to allege facts sufficient to overcome the TIA's jurisdictional bar. *Amos v. Glynn Cnty. Bd. of Tax Assessors*, 347 F.3d 1249, 1256 (11th Cir. 2003), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

While Blanchard and Capel argue they are "non-taxpayers," the application of the TIA does not turn on an individual's status as a "taxpayer." The TIA will bar the claims if (1) Blanchard and Capel's requested relief would effectively enjoin, suspend, or restrain Florida's tax assessment, and (2) Florida provides Blanchard

and Capel with plain, speedy, and efficient remedies. *See Williams*, 745 F.2d at 1411.

As to the first contention, despite their assertions otherwise, Blanchard and Capel sought to enjoin Florida's tax assessment. All of their claims stemmed from the allegation the defendants misapplied "*Ad Valorem* Taxes, outside of the scope of their lawful authority, without the Constitutionally required income return and situs." They specifically sought an injunction to prevent the defendants from "enforcing or implementing [their] policy, practice or custom of enforcing any taxation policies related to Plaintiffs and/or Plaintiffs['] property rights." Blanchard and Capel also asked the district court to order the defendants to stop "assessing all Property within the county as Taxable without an income return filed and demonstrating assessable situs per Constitutional requirements." This request plainly asked the district court to "enjoin, suspend or restrain" Florida's tax assessment, which is precisely what the TIA prohibits. 28 U.S.C. § 1341.

Likewise, the damages claims at issue were correctly dismissed for lack of subject-matter jurisdiction. *See A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1132-33 (5th Cir. 1980)[2] (holding the TIA deprives district courts of jurisdiction over claims for money damages based on the unconstitutionality of the city tax and the tortious nature of enforcement); *Noble v. Joint City-Cnty. Bd. of Tax*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

24-12793                Opinion of the Court                5

*Assessors of Fulton Cnty.*, 672 F.2d 872, 875 (11th Cir. 1982) (relying on both the TIA and principles of comity in determining the district court lacked subject-matter jurisdiction in a § 1983 state-tax dispute requesting damages and declaratory relief). Even if the TIA is insufficient on its own to prohibit damages claims arising out of a state tax system, principles of comity do so. *See Fair Assessment in Real Est. Ass'n v. McNary*, 454 U.S. 100, 107 (1981) ("Because we decide today that the principle of comity bars federal courts from granting damages relief in such cases, we do not decide whether [the TIA], standing alone, would require such a result.").

As to the second contention, Blanchard and Capel did not allege sufficient facts to show Florida law offers inadequate remedies to challenge the allegedly improper assessment. *See Amos*, 347 F.3d at 1256. We have held Florida law provides "plain, adequate, and complete state remedies." *Turner v. Jordan*, 117 F.4th 1289, 1294, 1306 (11th Cir. 2024) (determining Florida provided sufficient remedy under Fla. Stat. § 194.171 to challenge a tax deed sale); *Osceola*, 893 F.2d at 1233 (explaining the Florida circuit courts have jurisdiction to hear any state tax challenges and can issue declaratory and injunctive relief in such cases). The statutory remedies provide plaintiffs with a "full hearing and judicial determination" on tax challenges. *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982) (holding the remedy must provide the challenger with a "full hearing and judicial determination at which she may raise any and all constitutional objections to the tax" (quotation marks omitted)). Although Blanchard and Capel argue the remedies are unavailable to "non-taxpayers," Capel is plainly a taxpayer under

Florida law because her name is on the recorded warranty deed and the property was assessed in her name. Fla. Stat. § 192.001(13) (providing a "taxpayer" is "the person or other legal entity in whose name property is assessed"). While it is less clear whether Blanchard is a "taxpayer," he could still pursue the state remedies with Capel's written permission or if he were responsible for the tax payment. Fla. Stat. §§ 194.011(3), 194.181. Therefore, Blanchard and Capel cannot overcome the TIA's jurisdictional bar because they did not meet their burden to show that Florida failed to provide a plain, speedy, and efficient remedy to those challenging tax assessments. *Amos*, 347 F.3d at 1256.

Because Blanchard and Capel sought to enjoin the assessment and collection of state taxes and Florida provides a plain, speedy, and efficient remedy, the TIA bars their claims. *See Williams*, 745 F.2d at 1411. We affirm as to this issue.

B. *Jurisdictional Discovery*

We generally review a district court's denial of a motion for jurisdictional discovery for abuse of discretion. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). But when jurisdictional facts are genuinely in dispute, the district court's discretion is limited by (1) its obligation to consider whether it has subject-matter jurisdiction over the case, and (2) the parties' need to obtain discovery of relevant non-privileged matters. *Id.* A party has a "qualified right to jurisdictional discovery" when the facts go to the merits and the district court's jurisdiction is "intertwined and genuinely in dispute." *Id.* at 1341 (quotations omitted).

The district court did not abuse its discretion in denying Blanchard and Capel's motion for jurisdictional discovery because jurisdiction was not genuinely in dispute.  It was clear the lawsuit implicated the TIA because (1) the amended complaint plainly requested the district court to enjoin the assessment and collection of state taxes, and (2) Florida offers comprehensive remedies to those challenging tax assessments.  *See Williams*, 745 F.2d at 1411.  Further, while Blanchard and Capel asserted that "one piece of pre-discovery"—an early 2024 property tax assessment—would show they were not taxpayers and the TIA did not apply, they did not explain how the document would show the court had jurisdiction or how their "non-taxpayer" status created jurisdiction.  They simply repeated that the assessment was relevant to determining the court's jurisdiction.  Moreover, as discussed previously, their argument the TIA did not apply because they are "non-taxpayers" is unavailing.

Blanchard and Capel also asserted jurisdictional discovery was necessary to determine whether "the Assessor had the proper information to acquire *in personam* jurisdiction."  This also fails to present a genuine dispute over the district court's subject-matter jurisdiction.  Thus, the record shows no jurisdictional dispute and the district court had discretion to deny a motion for jurisdictional discovery.  *See ACLU of Fla.*, 859 F.3d at 1340.  Accordingly, we affirm as to this issue.

## II.  CONCLUSION

The district court did not err in dismissing the complaint for lack of subject-matter jurisdiction under the TIA because Blanchard and Capel asked the court to enjoin the tax assessment and Florida provided sufficient statutory remedies.  The district court did not abuse its discretion in denying the motion for jurisdictional discovery because there was no genuine jurisdictional question in dispute.  However, because the court determined it had no subject-matter jurisdiction over the amended complaint, it also lacked jurisdiction to enter a merits judgment, and the dismissal should have been without prejudice.  *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232, 1235 (11th Cir. 2008) (stating a dismissal for lack of subject-matter jurisdiction "is not a judgment on the merits and is entered without prejudice"); *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769  (11th Cir. 1984) (providing when a court lacks jurisdiction to review a claim, it has no power to render a judgment on the merits).  Like in *Crotwell*, "[r]ather than remanding the case for entry of an order without prejudice, we hereby modify the district court's order by substituting the words 'without prejudice,' for the words 'with prejudice,' and affirm the judgment of the court as modified."  *Crotwell*, 734 F.2d at 769.

**AFFIRMED AS MODIFIED.**[3]

---

[3] The pending motion for sanctions under Fed. R. App. P. 38 is DENIED as untimely under 11th Cir. Rule 38-1.  The Appellant's motion to strike is DENIED as moot.