305 So.2d 848 (1974)
STATE ex rel. Hugh DEVLIN and Mary Devlin, His Wife, et al., Appellants,
v.
Honorable Fred O. DICKINSON, Jr., Etc., et al., Appellees.
No. V-478.
District Court of Appeal of Florida, First District.
December 19, 1974.
As amended on Rehearing January 28, 1975.
*849 Albert G. Caruana, Snyder, Young, Stern & Tannenbaum, North Miami Beach, for appellants.
Robert L. Shevin, Atty. Gen., Stephen E. Mitchell, Asst. Atty. Gen., Larry Levy, and John W. Chalkley, III, Tallahassee, for appellees.
JOHNSON, Judge.
Appellants herein, acting in their own behalf and on behalf of others similarly situated, filed a petition for alternative writ of mandamus and declaratory judgment suit seeking a documentary tax refund. Appellees filed motions to dismiss, to quash and to strike contending that appellants had failed to exhaust their administrative remedies and that appellants had failed to factually allege a proper class action. The trial court, after considering memoranda of law and hearing oral arguments of counsel, entered its order denying appellees' motions to dismiss and quash (finding that appellants had exhausted their available administrative remedies before commencing the present suit) and granting appellees' motions to strike from appellants' pleadings all references to a class action. Appellants now seek reversal of that part of the order granting appellees' motions to strike all class action allegations and appellees cross-assign as error the holding in said order that appellants had exhausted their available administrative remedies before commencing this proceeding.
In their amended pleadings, the named appellants alleged that they, as well as all members of the class they represent, were all residents of the State of Florida and all became tenant-stockholders in their respective cooperative apartment corporations prior to October 1, 1970. Effective October 1, 1970, F.S. § 201.02 was amended by imposing the State documentary stamp tax upon documents by which the right is granted to a tenant-stockholder to occupy an apartment in a building owned by a cooperative apartment corporation. At the time appellants purchased their respective interests and became tenant-stockholders, which was prior to October 1, 1970, no State tax was required. It is alleged that appellants and all other members of the affected class each paid the tax pursuant to amended § 201.02, subsequent to October 1, 1970, and that the named appellants had *850 applied to the Department of Revenue for refund of the taxes so paid, which applications were denied.
We first consider the issue of whether the present suit is properly maintainable as a class action. It is well-recognized in Florida that a taxpayer may properly bring a class action on behalf of himself and other taxpayers similarly aggrieved when the same legal questions are involved and the character of relief is applicable to all. City of Miami Beach v. Tenney, 150 Fla. 241, 7 So.2d 136 (Fla. 1942); Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App.2nd, 1963). However, in determining whether a class action may proceed, it must appear that the named parties actually represent the class and that the class encompasses the necessary community of interest. It must further appear that the claims, issues and defenses are common to all the members of the class. Costin v. Hargraves, 283 So.2d 375 (Fla. App.1st, 1973). According to the pleadings, this case involves the uniform imposition of an allegedly illegal tax upon tenant-stockholders who purchased their respective interests in property prior to October 1, 1970. The same legal questions are involved and the character of relief, a refund of taxes paid, is applicable to all. However, Florida law requires a taxpayer to apply for a refund of illegally imposed taxes within a certain time period and unless this is done, no refund is available. F.S. § 215.26. Thus, only those who applied for this refund are entitled to be represented in the class action herein. This limitation defines the class with particularity and establishes common claims, issues and defenses.
In conclusion, we hold that the pleadings herein sufficiently allege coextensive interests and common claims, issues and defenses among those members of the class who actually applied for and were denied the refund sought herein. We thus reverse that portion of the order appealed herein which struck all class action allegations from the pleadings below and remand with instructions to limit the class represented to those who have paid the tax, applied for a refund and were denied such a refund.
Finally, as to appellees' cross-assignment of error, we agree with and affirm that portion of the order appealed which held that appellants had exhausted their administrative remedies before commencing this suit. Appellees contend that appellants have failed to exhaust their available administrative remedies by failing to apply for a refund with the State Comptroller. However, the record shows that at least the named appellants inquired of the Department of Revenue as to the proper administrative procedures regarding the refund of taxes illegally assessed and paid. Pursuant to said inquiry, the Department then forwarded refund forms to appellants' counsel and appellants complied with said forms. The forms sent to appellants contained on the backside "Instructions for completing Refund Claim," and these instructions set forth no requirement that the same be forwarded to the Comptroller. In fact, at the conclusion of the instructions, there was a stamp bearing the Miami address of the Department of Revenue. The Department thereafter advised appellants that their claims for refund were denied. It is our opinion, and we so hold, that although F.S. § 215.26 requires applications for refund to be filed with the Comptroller, the appellees, having supplied the refund forms with instructions to appellant, are estopped from now suggesting that the procedures followed in good faith by appellants did not comport with the law.
In summary, as to that portion of the order denying appellees' motions to dismiss and to quash, we affirm. As to that portion of the order granting appellees' motions to strike, we reverse with instructions to enter an order permitting the class action to be maintained, but limiting the class to those taxpayers who actually applied for a refund and received a denial thereof.
Affirmed in part and reversed in part, with directions.
RAWLS, C.J., and SPECTOR, J., concur.