665 So.2d 378 (1996)
Gerald KING, Appellant/Cross-Appellee,
v.
Gary ODLE, Appellee/Cross-Appellant.
No. 94-3631.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Scott S. Warburton of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellant/cross-appellee.
David L. Gorman of David L. Gorman, P.A., North Palm Beach, and James K. Green of James K. Green, P.A., West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
This is an appeal from summary judgment on liability in favor of plaintiff, Gary Odle, against defendant, Gerald King. Although brought as a final appeal, we have jurisdiction to consider it as a non-final order determining liability in favor of a party seeking affirmative relief pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Accordingly we redesignate this as a non-final appeal. Based on the issues presented in the briefs, we affirm the decision of the trial court.
The plaintiff also filed a cross-appeal from the order of the trial court denying his motion to amend his complaint to add a punitive damages claim. We do not have jurisdiction to consider the merits of this cross-appeal because this order is not an appealable non-final order. See Fla.R.App.P. 9.130; Webb Gen. Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058 (Fla. 3d DCA 1981), cited in Gwen Fearing Real Estate, Inc. v. Wilson, 430 So.2d 589 (Fla. 4th DCA 1983). Moreover, we cannot consider this under our certiorari jurisdiction because it was not brought in a timely fashion. See Fla.R.App.P. 9.100(f). Accordingly we dismiss the cross-appeal without prejudice to raising this issue at the time of any plenary appeal.
GUNTHER, C.J., and WARNER and PARIENTE, JJ., concur.