689 So.2d 358 (1997)
PUBLIC MEDICAL ASSISTANCE TRUST FUND, et al., Appellants,
v.
Nathan M. HAMEROFF, M.D., et al., Appellees.
No. 96-2172.
District Court of Appeal of Florida, First District.
February 18, 1997.
Rehearing Denied March 27, 1997.
Robert A. Butterworth, Attorney General; Eric J. Taylor, Assistant Attorney General; James A. Peters, Assistant Attorney General, Tallahassee, for Appellants.
Murray B. Silverstein of Powell, Carney, Hayes & Silverstein, P.A., St. Petersburg; Cynthia A. Mikos of Jacobs, Forlizzo & Neal, P.A., Clearwater, for Appellees.
VAN NORTWICK, Judge.
Appellants challenge a non-final order which certified a class for the purpose of a constitutional challenge of the "assessment" established in section 395.7015(2)(b), Florida Statutes (1993), to fund (Florida's) Public Medical Assistance Trust Fund (PMATF), section 395.701, Florida Statutes (1993), et seq. We have jurisdiction, rule 9.130(a)(3)(C)(vii), Florida Rules of Appellate Procedure, and we affirm on the authority of Dept. of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994).
Section 395.7015(2)(b) provides for the assessment of 1.5 percent of the annual net operating revenue of hospitals and other "health care entities" operating in the state for the purpose of funding the PMATF. *359 Plaintiffs/appellees, an individual physician and several professional service corporations each comprising a group practice of physicians, filed a complaint for equitable relief and damages individually, and on behalf of the class of others similarly situated, asserting that the PMATF assessment was unconstitutional. Appellants opposed certification essentially on the ground that the plaintiffs were not sufficiently similarly situated to the proposed class and that they had failed to first comply with section 215.26, Florida Statutes, by paying the assessment and then applying for a refund thereof. After hearing argument on the matter, the lower court granted class certification upon a finding that all plaintiffs believed they were improperly designated as "[d]iagnostic-imaging centers" under section 395.7015(2)(b)4., Florida Statutes (1993), which resulted in plaintiffs being classified as "health care entities" and, thus, being made subject to the PMATF assessment.
On appeal, the appellants argue that those plaintiffs/appellees who have not sought and been denied a refund of the PMATF assessment have no standing to serve as class representatives because compliance with the refund procedure in section 215.26, Florida Statutes (1993), is necessary before a civil action for refund may be filed. Appellees argue in response, and we agree, that under Dept. of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), compliance with the refund procedure is not required as a condition of bringing the instant action.
In Kuhnlein certain Florida residents challenged the constitutionality of an impact fee imposed on cars purchased outof-state but later registered in Florida. In Kuhnlein, as here, the state contended that the class action was barred because none of the class representatives had applied for a refund pursuant to sections 215.26 and 26.012(2)(e). Kuhnlein, 646 So.2d at 721. The supreme court expressly rejected this argument:
We ... do not believe there is any requirement that the plaintiff must pay thefee or request a refund, at least in the present case. The fact that these plaintiffs face penalties for failure to pay an allegedly unconstitutional tax is sufficient to create standing under Florida law.
* * * * * *
The State ... argues that the cause below was barred by the state's sovereign immunity, by an alleged common law rule that no one is entitled to the refund of an illegal tax, and by the requirements of Florida refund statutes. Even if true, these are is not proper reasons to bar a claim based on constitutional concerns. Sovereign immunity does not exempt the State from a challenge based on violation of the federal or state constitutions, because any other rule self-evidently would make constitutional law subservient to the State's will. Moreover, neither the common law nor a state statute can supercede a provision of the federal or state constitutions.
We are also unpersuaded by the State's claim that a refund claim cannot be cast as a class action. Any constitutional claim affecting a class of persons can be the proper subject of a class action, provided other procedural requirements are met, as they were here.
Id. at 720, 721 (emphasis in original).
We read Kuhnlein as creating an exception to the general rule established by Devlin v. Dickinson, 305 So.2d 848 (Fla. 1st DCA 1975), and similar cases, which requires a party to first seek and be denied a refund before filing suit for a tax refund. Appellants urge us to read that portion of Kuhnlein, quoted above, which refers to "other procedural requirements," as necessitating an application for and denial of a refund. Such a reading, however, would fly in the face of the clear holding in Kuhnlein that fulfilling the state's refund procedures is not a condition precedent to bringing a constitutionally-based refund action. It is obvious to us that, read in context, this quoted language refers to the rules of procedure and statutory requirements relating to the maintenance of class actions.
Accordingly, the order under review is AFFIRMED.
BOOTH and PADOVANO, JJ., concur.