747 So.2d 962 (1999)
P.R. MARKETING GROUP, INC., and World Financial Services, Inc., d/b/a The Mortgage Lending Group, Appellants,
v.
GTE FLORIDA, INC., and State of Florida, Department of Revenue, Appellees.
No. 98-02561.
District Court of Appeal of Florida, Second District.
August 20, 1999.
F. Wallace Pope, Jr., and Jonathan S. Coleman of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, for Appellants.
Anthony P. Gillman, Tampa, and Marvin E. Barkin and Lansing S. Scriven of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, Tampa, for Appellee GTE Florida, Inc. and Robert A. Butterworth, Attorney General, and Jarrell L. Murchison, Assistant Attorney General, Tallahassee, for Appellee Department of Revenue.
GREEN, Judge.
The appellants, P.R. Marketing Group, Inc., and World Financial Services Inc., appeal the trial court's nonfinal order denying their motion to certify as a class. Based on the Florida supreme court's recent decisions in Pub. Medic. Assistance Trust Fund v. Hameroff, 736 So.2d 1150 (Fla.1999), Miami Tiresoles, Inc. v. Dep't of Revenue, 732 So.2d 322 (Fla.1999), and Dep't of Revenue v. Nemeth, 733 So.2d 970 (Fla.1999), we must affirm.
The appellants filed a complaint against GTE Florida (hereinafter "GTE") and the State of Florida, Department of Revenue (hereinafter "DOR"), alleging that GTE charged an improper sales tax for calls and services, then remitted that tax to the DOR. Specifically, the appellants alleged that GTE collected more sales tax than the law allows by improperly using the "bracket method" of calculating sales tax on long distance calls, thereby overcharging its customers. Additionally, the appellants claimed that GTE charged its customers a tax of seven percent on calls, instead of six percent, which the appellants alleged would have been the correct percentage.
The appellants sought to certify their action as a class action with the plaintiff class represented by all present, past, and future customers of GTE whose calls were improperly taxed. The appellants attempted to include all Florida local and long distance telephone companies as the defendant class, with GTE as its class representative. GTE and the DOR filed motions to dismiss the appellants' complaint. GTE stated that the relief appellants requested must come from the DOR, while the DOR asserted that it must come from GTE. The trial court issued an order granting in part both motions to dismiss, stating that the appellants had not exhausted *963 their administrative remedies regarding the refund of erroneously collected taxes.
A motion for reconsideration was filed by the appellants stating that, based on depositions of representatives from DOR, the appellants had no further administrative remedy available to them. The trial court denied the appellants' motion for reconsideration.
The appellants then applied for a tax refund on behalf of their proposed class, which the DOR denied in full. After the refund was denied, the appellants filed a motion to reinstate causes of action and to certify the plaintiff class. A hearing was held on both motions.
After the hearing, the trial court issued an order granting the appellants' motion to reinstate the causes of action. However, the trial court denied the appellants' motion to certify as a class.
Even though the appellants P.R. Marketing Group and World Financial Services applied for a tax refund on behalf of the entire proposed class, the trial court treated the DOR's denial of the application as if P.R. Marketing Group and World Financial Services filed the claim solely for their individual refund and not on behalf of the proposed class. Therefore, the trial court stated, because the appellants P.R. Marketing Group and World Financial Services had applied for and been denied a refund, they could continue to pursue their individual claim, while others similarly situated must each make a refund application to the DOR and be denied that refund in order to be represented in any future class action suit. The appellants filed a notice of appeal from the trial court's nonfinal order, which in part denied the motion to certify as a class. Pursuant to Florida Rules of Appellate Procedure, 9.130(a)(3)(C)(vii), we have jurisdiction.
The trial court based its decision on the holding in State ex rel. Devlin v. Dickinson, 305 So.2d 848 (Fla. 1st DCA 1974). The named appellants in Devlin were tenant-stockholders in their respective cooperative apartment corporations prior to October 1, 1970. Id. at 849. All named appellants paid a documentary stamp tax and sought a refund from the DOR. Id.
The named appellants attempted to certify all tenant-stockholders of cooperative apartment corporations, even those who had not applied for a refund of the documentary stamp tax. Id. The trial court granted the appellees' motion to strike from appellants' pleading all references to a class action. The First District reversed the trial court's order as it related to the pleading references to a class action, but limited its holding by stating:
However, Florida law requires a taxpayer to apply for a refund of illegally imposed taxes within a certain time period and unless this is done, no refund is available. F.S. § 215.26. Thus, only those who applied for a refund are entitled to be represented in the class action herein.... We thus reverse that portion of the order appealed herein which struck all class action allegations from the pleadings below and remand with instructions to limit the class represented to those who have paid the tax applied for a refund and were denied such a refund.
Devlin, 305 So.2d at 849.
Following the Devlin case, the trial court in this case concluded that all potential members of the class must first comply with the administrative procedures for acquiring a tax refund before they can be certified as a class. See § 215.26, Fla. Stat. (1997). According to the trial court, the appellants did not present any evidence that other potential members of the class applied for a refund pursuant to the statute, and therefore, the motion to certify as a class was denied. Nonetheless, appellants P.R. Marketing Group and World Financial Services were allowed to reinstate their suit, since they had applied for the refund.
*964 In Dep't of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), certain Florida residents challenged the constitutionality of an impact fee imposed on cars purchased out of state and later registered in Florida. The state contended that the class action was barred because none of the class representatives had applied for a refund pursuant to sections 26.012(2)(e) and 215.26, Florida Statutes (1993). Id. The court stated:
We also do not believe there is any requirement that the plaintiff must pay the fee or request a refund, at least in the present case. The fact that these plaintiffs face penalties for failure to pay an allegedly unconstitutional tax is sufficient to create standing under Florida law.
Id. at 720.
After the Kuhnlein opinion was released, the districts differed as to how to apply its holding. See Miami Tiresoles, Inc. v. Dep't of Revenue, 695 So.2d 851 (Fla. 3d DCA 1997)(holding that appellants were required to apply for a refund before invoking the circuit court's jurisdiction), rev'd, 732 So.2d 322 (Fla.1999); Pub. Medical Assistance Trust Fund v. Hameroff, 689 So.2d 358 (Fla. 1st DCA 1997)(holding that fulfilling state's refund procedures is not a condition precedent to bringing a constitutionally based refund action), aff'd in part, rev'd in part, 736 So.2d 1150 (Fla.1999); Nemeth v. Dep't of Revenue, 686 So.2d 778 (Fla. 4th DCA 1997)(reversing trial court's ruling which dismissed a complaint with prejudice because the appellants failed to allege they had filed an application for a refund), rev'd, 733 So.2d 970 (Fla.1999). See also State v. Seminole Tribe, 720 So.2d 270 (Fla. 4th DCA 1998)(stating that failure to file a tax refund application does not mean that a party does not have standing to challenge the constitutionality of a sales tax). Based on the inconsistencies of the above cited cases, the supreme court was left to address the issue as to whether one must first apply for a tax refund before joining a class action suit regarding an alleged improper tax. The question was also raised as to whether the Kuhnlein "exception," which allowed plaintiffs to disregard the application of a tax refund before joining the class action, applied only when the tax was challenged on a constitutional ground.
The Florida supreme court answered the questions posed by holding that a taxpayer is required to first apply for a refund pursuant to the relevant statute before filing suit, unless the claim is based solely upon the tax being unconstitutional. See Dep't of Revenue v. Nemeth, 733 So.2d 970 (Fla.1999). The court noted that if the refund is claimed on any basis other than the unconstitutionality of the tax there must be full compliance with section 215.26. Id. at 974, n. 6.
Since the appellants did not allege that the tax in this case was unconstitutional, but instead that GTE was taxing in an improper manner and for an unlawful amount, we must follow the supreme court's recent holdings and affirm the trial court's order. Based on the supreme court's ruling, all of the potential members of the class would be required to apply for a refund before joining a class action suit in this case. Since it does not appear that anyone besides P.R. Marketing Group and World Financial Services applied for a refund, they are the only parties that may go forward with their action.
We are compelled to take note of the resources that may be wasted as a result of this outcome. In a case where a tax refund may affect a significantly large number of individuals, it seems impractical to require every taxpayer to file a refund application with the DOR and be denied that refund before being able to join a class action. This may leave the DOR inundated with applications and would require it to spend a significant amount of time and resources on this unvaried type of claim. Alternatively, many customers may not know that the possibility of a tax refund may exist or may not even attempt to file for a refund since their personal *965 claim may be a nominal amount. In that case, either GTE or the DOR may be able to realize a windfall by simply taxing each customer a mere one percent more than what they are legally allowed to do, if the appellants' allegations are indeed true, without anyone knowing of a possible refund nor requesting a refund. Regardless of the potential ramifications as it applies to this case, we must follow the supreme court's holding on this matter.
We, therefore, affirm the trial court's order which, in part, denied the appellants' motion to certify as a class.
Affirmed.
FULMER, A.C.J., and WHATLEY, J., Concur.