776 So.2d 976 (2000)
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellants,
v.
Marc D. SARNOFF, Tom Hyde, Steven Register, Charles Stahman, Harry Brady & Melissa Richie, individually and on behalf of all others similarly situated, Appellees.
No. 1D00-1335.
District Court of Appeal of Florida, First District.
December 29, 2000.
Rehearing Denied February 2, 2001.
Robert A. Butterworth, Attorney General; Eric J. Taylor, Assistant Attorney General, Tallahassee, for Appellants.
Scott D. Makar, Alan S. Wachs and Catherine J. Tackett of Holland & Knight LLP, Jacksonville, for Appellees.
JOANOS, J.
The Department of Highway Safety and Motor Vehicles (Department) seeks review of the circuit court's non-final order granting class certification in a case seeking refund for moneys paid into the state treasury in which none of the named plaintiffs, appellees herein, complied with the provisions of the refund statute, section 215.26, Florida Statutes (1995). The issues presented for review are: (1) whether the "direct file" exception to the exhaustion of administrative remedies doctrine in refund claim class actions applies only to "facial" constitutional challenges; and (2) whether appellees' real challenge is to Florida Administrative Code Rule 15C-6.003, the rule promulgated by the Department to implement section 325.214, Florida Statutes.
*977 The United States Environmental Protection Agency (EPA) designated six of Florida's sixty-seven counties as ozone non-attainment areas, because they exceeded national ambient air quality standards. The six designated counties are Duval, Dade, Broward, Hillsborough, Palm Beach, and Pinellas. In response, the Florida Legislature enacted the Clean Outdoor Air Law (COAL), which authorized creation of Florida's Motor Vehicle Inspection Program, including section 325.214, Florida Statutes. The legislation required each person with a registered vehicle in one of the six affected counties to have his or her motor vehicle inspected annually for emissions as a precondition to annual registration.
This appeal is concerned only with Count I of the amended complaint, which is an action for declaratory judgment. In Count I, appellees alleged in part:
33. Section 325.214(2), Florida Statutes (1995), is unconstitutional as implemented by the DHSMV because, by charging a fee in excess of the actual cost of administration, the excess portion of the fee actually constitutes an unauthorized and unlawful tax in violation of Article II, § 3 and Article VII, § 1 of the Florida Constitution.
34. The statute is also unconstitutional because the DHSMV's implementation of section 325.214(2) constitutes a tax, and the Florida Constitution does not allow a tax which is a general law taxing only a targeted locale.....
36. Because Section 325.214(2) and Rule 15C-6.003, Fla.Admin.Code, are in operation charging a tax without any rational basis and the tax is no way designed to promote the health, safety or welfare of the persons subject to the MVIP, both the statute and the rule constitute substantive due process violations and are therefore unconstitutional.
Appellees requested a circuit court declaration that section 325.214(2), Florida Statutes (1995), and Rule 15C-6.003 are "unconstitutional in operation."
Contemporaneously with their amended complaint, appellees served their Motion for Order Determining that Action Shall Be maintained as Class Action. The motion states that appellees filed the action on July 22, 1997, on behalf of over five million Florida registered motorists, seeking a determination that certain inspection fees imposed in only six counties are unconstitutional. Paragraph 3 of the motion states:
3. The operative class Complaint seeks a declaration that the Inspection Fees, promulgated through section 325.214, Florida Statutes (1995), are not "fees" that simply cover the administrative costs of the Program. Instead, the Inspection Feesas implementedare unconstitutional "taxes" as they were set at the statutory maximum of $10.00 without regard to the actual administrative costs, which are significantly less than the $10.00 ceiling. Plaintiffs seek a declaration as to the constitutionality of the fees as implemented and enforced by the Department and its agents. Further, the operative class Complaint seeks a declaration that the Inspection Fees, promulgated through section 325.214(2), Florida Statutes (1998), are facially unconstitutional.
In its amended answer, the Department asserted the circuit court did not have jurisdiction under section 26.02(2)(e), Florida Statutes, over that part of the amended complaint which sought a declaratory judgment regarding the former versions of section 325.214(2), as those versions were amended and have not been in effect since May 28, 1999, the effective date of current section 325.214(2), Florida Statutes (1999). The Department further asserted the circuit court has jurisdiction of a refund case only after each person seeking a refund applies for a refund under section 215.26, Florida Statutes, and is denied same. In addition, the Department alleged:
... Because the Plaintiffs' sole basis for this suit is not the "facial" constitutionality *978 of Section 325.214(2), Florida Statutes (1988), no class action "direct-file" exception is available to the Plaintiffs under Nemeth, supra. Therefore, the Plaintiffs have failed to comply with the Legislature's conditions precedent in Section 215.26, Florida Statutes.
As an affirmative defense, the Department alleged appellees failed to state a cause of action, because they never filed claims for refunds as required by section 215.26, Florida Statutes, as pronounced by the supreme court in Department of Revenue v. Nemeth, 733 So.2d 970 (Fla.), cert. denied, 528 U.S. 871, 120 S.Ct. 173, 145 L.Ed.2d 146 (1999).
Thereafter, the circuit court entered the appealed order determining that the instant action is maintainable on behalf of a class, thereby giving rise to this interlocutory appeal.
Our determination of the issues presented in this case requires a construction of the rule of law pronounced by the Florida Supreme Court in Department of Revenue v. Nemeth. In Nemeth, the supreme court considered a constitutional challenge to section 320.072(1)(b), Florida Statutes. This provision imposed a $295.00 impact fee upon motor vehicles purchased or titled in other states that then are registered in Florida by persons having or establishing permanent Florida residency. The supreme court held "that a taxpayer's claim based solely upon the tax being unconstitutional may be filed in the appropriate court rather than with the Comptroller." See id. The court further explained that suit must be filed within the three-year time limit prescribed by section 215.26(2), Florida Statute. See id.
The Nemeth decision was guided by the court's earlier opinion in Department of Revenue v. Kuhnlein, 646 So.2d 717, 725 (Fla.1994), cert. denied by Adams v. Dickinson, 515 U.S. 1158, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995). In Kuhnlein, the supreme court declared the impact fee statute to be facially unconstitutional, because it violated the commerce clause. Then in Nemeth, the court clarified the Kuhnlein decision, explaining:
[W]e expressly hold that a Florida taxpayer may file directly in the appropriate court without filing an administrative claim pursuant to section 215.26 if the sole basis claimed for the refund is that the tax is unconstitutional. We recognize that the Comptroller cannot declare a tax unconstitutional, and thus, when the claim is solely that the refund is required because the tax is unconstitutional, to file the claim with the Comptroller would be a futile act.
The claim based solely upon the constitutionality of the tax must be commenced by filing in the appropriate court within the time requirements set forth in section 215.26(2), that is, "within 3 years after the right to refund has accrued." ...
Although in Nemeth, the supreme court did not use the term "facial" in its discussion of the direct-file exception for claims based on the unconstitutionality of a tax, such concept is implicit in the subject of the court's clarification of its Kuhnlein decision. In Kuhnlein, the court declared in express terms that the impact fee statute was facially unconstitutional. Since the Nemeth opinion considered a challenge to the same statute that was under attack in Kuhnlein, we conclude the court intended the rule announced in Nemeth to be applicable to facial challenges to the constitutionality of a statute, because that was the rule announced in Kuhnlein.
Florida appellate courts called upon to address the direct-file exception pronounced in Kuhnlein and Nemeth, have construed the opinion as pertaining only to facial constitutional challenges in refund cases. In such cases, a taxpayer is not required to comply with the state's refund procedures as a condition precedent to bringing a constitutionally-based refund suit. See, e.g., Reinish v. Clark, 765 So.2d 197 (Fla. 1st DCA 2000); Public Medical Assistance Trust Fund v. Hameroff, 689 *979 So.2d 358 (Fla. 1st DCA 1997), approved in part, 736 So.2d 1150 (Fla.1999); P.R. Marketing Group, Inc. v. GTE Florida, Inc., 747 So.2d 962 (Fla. 2d DCA 1999).
The P.R. Marketing fact scenario is analogous to the uncontroverted facts in this case, and suggests a similar result should obtain herein. In P.R. Marketing v. GTE, appellants filed a complaint alleging that GTE collected more sales tax than the law allows, then remitted the tax to the Department of Revenue. The court noted that after Kuhnlein was released, the district courts differed as to how the decision should be applied. See id. at 964. The court further observed that the questions left unanswered by Kuhnlein were addressed by the supreme court in Nemeth, wherein the court held that "a taxpayer is required to first apply for a refund pursuant to the relevant statute before filing suit, unless the claim is based solely upon the tax being unconstitutional." See GTE, 747 So.2d at 964, citing Nemeth. The second district found that appellants did not allege the tax at issue was unconstitutional, but instead claimed that GTE was taxing in an improper manner and for an unlawful amount. Therefore, the court followed Nemeth, and affirmed the trial court's order denying appellants' motion to certify a class. Since it appeared that only P.R. Marketing Group and World Financial Services applied for a refund, the court ruled they were the only parties that could go forward with their action. See GTE, 747 So.2d at 964.
The 1995 version of the motor vehicle inspection statute here at issue provides in pertinent part:
325.214 Motor vehicle inspection; fees; disposition of fees.
(1) All moneys received by the department pursuant to this chapter, less the deductions required by s. 215.20, shall be deposited into the Highway Safety Operating Trust Fund.
(2) The department shall set an inspection fee not to exceed $10. By rule, the department shall set a regulatory amount to be included in the fee which is commensurate with the cost of administering and enforcing the inspection program. It is the intent of the Legislature that the program be self-supporting. Notwithstanding any other provision of law to the contrary, an additional fee of $1 shall be assessed upon the issuance of each dealer certificate, which fee shall be forwarded to the department for deposit into the Highway Safety Operating Trust Fund.....
To implement section 325.214, the Department promulgated Florida Administrative Code Rule 15C-6.003, which provides:
15C-6.003 Emissions Inspection Fee for Annual Emissions Inspections.
(1) This rule establishes the motor vehicle emissions inspection fee to be collected by the inspection station contractors in each contract zone of the program area pursuant to Section 325.214, F.S., and also establishes the inspection fee to be collected by government self-inspectors which have been authorized by the department to inspect motor vehicles owned by other government agencies.
(2) Motor Vehicle Emissions Inspection Fee
(a) The emissions inspection fee to be charged by inspection station contractors within each contract zone is $10.00 per inspection.
1. The fee will be collected at an inspection station for the initial inspection and every even numbered reinspection.
2. The difference between the contractor contract price for an emissions inspection and the inspection fee shall constitute the department's administrative fee.
(b) The emissions inspection fee to be charged by a government self-inspector authorized by the department to inspect motor vehicles owned by other government agencies is $5 per inspection. The *980 fee shall be collected by the government self-inspector for the initial inspection and every even numbered reinspection.
In 1998, subsection (2) of section 325.14 was amended to impose a mandatory $10.00 inspection fee. In addition, the legislature deleted the language which expressed legislative intent that the regulatory fee be set at an amount commensurate with the cost of administering and enforcing the program, and intent that the program be self supporting. As amended, the 1998 version of subsection (2) read:
The inspection fee shall be $10. Notwithstanding any other provision of law to the contrary, an additional fee of $1 shall be assessed upon the issuance of each dealer certificate, which fee shall be forwarded to the department for deposit into the Highway Safety Operating Trust Fund. (Emphasis supplied).
See Ch. 98-254, § 2, Laws of Fla. In 1999, subsection (2) of section 325.14 again was amended; the current version provides:
The inspection fee may not exceed $19. Notwithstanding any other provision of law to the contrary, an additional fee of $1 shall be assessed upon the issuance of each dealer certificate, which fee shall be forwarded to the department for deposit into the Highway Safety Operating Trust Fund.
See Ch. 98-248, § 51, Laws of Fla.
The refund statute, section 215.26, Florida Statutes, provides in pertinent part:
215.26 Repayment of funds paid into State Treasury through error.
(1) The Comptroller of the state may refund to the person who paid same, or his or her heirs, personal representatives, or assigns, any moneys paid into the State Treasury which constitute:
(a) An overpayment of any tax, license, or account due:
(b) A payment where no tax, license, or account is due; and
(c) Any payment made into the State Treasury in error; and if any such payment has been credited to an appropriation, such appropriation shall at the time of making any such refund, be charged therewith. There are appropriated from the proper respective funds from time to time such sums as may be necessary for such refunds.
(2) Application for refunds as provided by this section must be filed with the Comptroller, except as otherwise provided in this subsection, within 3 years after the right to the refund has accrued or else the right is barred....
(3) No refund of moneys referred to in this section shall be made of an amount which is less than $1, except upon application.
(4) This section is the exclusive procedure and remedy for refund claims between individual funds and accounts in the State Treasury.
. . . .
In the instant case, appellees have asserted a constitutional basis for their challenge to section 325.214(2). However, the gravamen of Count I of their complaint is an attack upon the implementing rule promulgated by the Department, and the manner in which the Department has administered and enforced the statute. Appellees contend the rule promulgated by the Department imposes an inspection fee in excess of the amount initially authorized by the legislature, i.e., a fee in an amount commensurate with the cost of operating the emissions inspection program. In essence, appellees challenge the Department's interpretation and application of section 325.214, not the facial constitutionality of the provision. "A circuit court should not, as a matter of policy, entertain an action alleging the facial unconstitutionality of an agency rule because an adequate remedy remains available in the administrative process." See Key Haven Associated Enterprises v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153, 157-58 (Fla.1982); Florida Marine Fisheries v. Pringle, 736 So.2d 17, 23 (Fla. 1st DCA 1999).
*981 Resolution of this appeal turns on the narrow question whether the supreme court's rulings in Kuhnlein and Nemeth should be construed as limiting application of the direct-file exception to challenges to the facial validity of a statute,[1] or whether the rulings are broad enough to encompass both "facial" and "as applied" constitutional challenges. While the Nemeth opinion is not phrased in terms of "facial" and "as applied" challenges to the constitutionality of a statute, both the Kuhnlein and Nemeth opinions involved determinations that the underlying impact fee statute was unconstitutional on its face. Therefore, logic suggests that Nemeth, like Kuhnlein, should be interpreted as pertaining only to challenges to the facial validity of a statute. Such construction has been assumed by other panels of this court, and by the second district. See Reinish v. Clark; Public Medical Assistance Trust Fund v. Hameroff; P.R. Marketing Group, Inc. v. GTE Florida, Inc.
A review of Count I of the amended complaint shows that appellees do not challenge the validity of the provisions imposing an inspection fee; rather, appellees challenge only the Department's implementation of the statute authorizing the fee. Thus, appellees have raised an "as applied" challenge to section 325.214(2). Pursuant to Nemeth, appellees were required to seek a refund under section 215.26, before filing suit in circuit court. Due to appellees' failure to pursue administrative remedies, the order granting class certification as to Count I of the amended complaint must be reversed.
Accordingly, we reverse the order granting class certification only as it pertains to Count I of the amended complaint, i.e., the declaratory judgment action. We affirm in all other aspects.
WOLF, J., concurs.
BENTON, J., dissents with written opinion.
BENTON, J., dissenting.
I respectfully dissent on grounds that, on this appeal of a non-final order certifying a class, we lack jurisdiction to decide anything other than the propriety of class certification. No argument going to that narrow question has been raised here. No argument going to that narrow question was, indeed, raised below.
Six named plaintiffswhose suitability as class representatives has never been questionedsued on behalf of themselves and every motorist who has paid vehicle emission inspection fees over a multi-year period.[2] The plaintiffs sought certification of a single class in their motion for order determining that action shall be maintained as class action. The defendants opposed the motion, citing Department of Revenue v. Nemeth, 733 So.2d 970 (Fla. 1999), and asserting that the trial court "prior to reaching the Class Representation Allegations, ... must dismiss the plaintiff's claims for lack of jurisdiction, in light of Section 215.26, Florida Statutes [ostensibly requiring persons seeking tax refunds to apply to the Comptroller before filing in court]." The defendants raised no other grounds in opposition.
In its order determining that the action is maintainable on behalf of a class, the trial court addressed and rejected the defendants' contention that it lacked jurisdiction over plaintiffs' claims, then went on to find that "the members of the class are so numerous that separate joinder is impracticable," that the named plaintiffs' common *982 claim "raises questions of law or fact common to the questions of law or fact raised by the claims of each member of the class," that the named plaintiffs' claims "are typical of the claims of each member of the class," and that the named plaintiffs "can fairly and adequately protect and represent the interests of each member of the class." See Fla. R. Civ. P. 1.220(a). The defendants do not argue that any of the trial court's findings or conclusions under Florida Rule of Civil Procedure 1.220 are erroneous.
In count one of their amended complaint, the plaintiffs asked for refunds and that section 325.214(2), Florida Statutes (1995) (directing the Department of Highway Safety and Motor Vehicles to "set an inspection fee not to exceed $10") and Fla. Admin. Code R. 15C-6.003(2)(a)(setting the "emissions inspection fee ... [at] $10.00 per inspection") be declared unconstitutional.[3] In count two, the plaintiffs asked for refunds and that section 325.214(2), Florida Statutes (Supp.1998) (providing "[t]he inspection fee shall be $10"), be declared unconstitutional.[4]
The trial court certified a single class under Florida Rule of Civil Procedure 1.220(b)(3). The defendants made no argument in the trial court that two classes should be certified or that any class certified should have sub-classes corresponding to the two counts of the amended complaint. They are foreclosed, therefore, from making any such argument here.
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings.
Murphy v. International Robotic Sys., 766 So.2d 1010, 1017 (Fla.2000)(quoting Castor v. State, 365 So.2d 701, 703 (Fla.1978)). See Bell v. American Title Ins. Co., 226 Cal.App.3d 1589, 277 Cal. Rptr. 583, 590 (1991) (holding failure to preserve opt-out issue in the trial court precluded appellate review); Pawlikowski v. Toyota Motor Credit Corp., 309 Ill.App.3d 550, 243 Ill. Dec. 1, 722 N.E.2d 767, 778 (1999)(holding that, absent objection, "the issue of the class certification is deemed waived").
Although only as to count one, the defendants have appealed the trial court's interlocutory order determining that the action is maintainable on behalf of a class. We have jurisdiction to review non-final orders like this one because such orders determine "that a class should be certified." Fla. R.App. P. 9.130(a)(3)(C)(vii). Our jurisdiction to review this non-final orderor the portion of the order that is being assailed on appealis therefore clear, but
an order denying a motion to dismiss is not appealable until after final judgment. This is true even when the motion to dismiss is appealed in conjunction with an appealable nonfinal order.
Chicago Title Ins. Agency v. Chicago Title Ins. Co., 560 So.2d 296, 297 (Fla. 2d DCA 1990) (citations omitted). Accord Roofcraft Int'l v. Thomas, 677 So.2d 39, 39-40 (Fla. 4th DCA 1996); King v. Odle, 665 So.2d 378, 378 (Fla. 4th DCA 1996); First Union Nat'l Bank v. Peoples Nat'l Bank of Commerce, 644 So.2d 538, 539 (Fla. 3d DCA 1994); Polo v. Polo, 643 So.2d 55, 56 (Fla. 3d DCA 1994); George J. Karr, D.D.S. v. Sellers, 620 So.2d 1104, 1105 (Fla. 4th DCA 1993); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992); Board of Med. Examiners v. Kadivar, 482 So.2d 501, 502 (Fla. 4th DCA 1986); Capitol Fidelity Life Ins. Co. v. State Dep't of Ins., 478 So.2d 1105, 1106 (Fla. 1st DCA 1985); Perimeter Invs. v. Amerifirst Dev. Co., 423 So.2d 586, 587 (Fla. 1st DCA 1982).
*983 None of the opinions on which today's majority opinion relies addresses the jurisdictional restraints we face in the present case.[5] "Courts are bound to take notice of the limits of their authority, and if want of jurisdiction appears at any stage of the proceeding, original or appellate, the court should notice the defect and enter an appropriate order." West 132 Feet v. City of Orlando, 80 Fla. 233, 86 So. 197, 198-99 (1920).
We have no occasion here to decide the questions the appellants argue: whether the trial court has jurisdiction over count one and whether, if so, the plaintiffs are required to exhaust administrative remedies. If necessary, these questions can be considered on plenary appeal from final judgment. On the present appeal of the non-final order determining that the action is maintainable on behalf of a class, I would affirm.
NOTES
[1] Under the "direct file" exception, "a Florida taxpayer may file directly in the appropriate court without filing an administrative claim pursuant to section 215.26 if the sole basis claimed for the refund is that the tax is unconstitutional." See Department of Revenue v. Nemeth, 733 So.2d 970, 974 (Fla.1999).
[2] The plaintiffs' amended complaint alleges that vehicle emission inspection fees exceed the costs of doing the inspections, and that the amount of the excess should be viewed as an unconstitutional tax, which should be refunded.
[3] Before the original statute was amended, see Ch. 98-254, § 2, at 2245, Laws of Fla., the original statute, as implemented by an administrative rule, set the fee.
[4] After the original statute was amended, see Ch. 98-254, § 2, at 2245, Laws of Fla., the amended statute alone set the fee.
[5] The supreme court's decision in Public Med. Assistance Trust Fund v. Hameroff, 736 So.2d 1150, 1150 (Fla.1999), for example, merely approved the decision in Public Med. Assistance Trust Fund v. Hameroff, 689 So.2d 358 (Fla. 1st DCA 1997) "to the extent that it is consistent with our opinion in Nemeth." The jurisdictional question did not arise in Nemeth, or in Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994). The trial court in Nemeth dismissed the complaint and the plaintiffs took their appeal from a final judgment in favor of the Department of Revenue. See 733 So.2d at 972. The trial court in Kuhnlein entered final judgment in favor of the plaintiffs seeking refunds there, who took a cross-appeal after the defendants appealed the final judgment. See 646 So.2d at 720.

It is true, however, that the Hameroff case reached this court in the same posture as the present case, i.e., on appeal of a non-final order certifying a class. After we affirmed, the supreme court took the case, and remanded to the trial court "with directions that the trial court determine if all the representative class members filed suit based solely upon allegations that the tax was unconstitutional and within three years after making payment." Hameroff, 736 So.2d at 1150. Otherwise, the implication was, they could not properly represent a class of taxpayers whose timely claims for refund rested solely on constitutional grounds. Viewed in this light, the discussion in the district court's Hameroff opinion should be understood as going to class certification, not to the trial court's jurisdiction, as such.
Similarly, the Second District in P.R. Mktg. Group, Inc. v. GTE Fla., Inc., 747 So.2d 962 (Fla. 2d DCA 1999) discussed Nemeth and Kuhnlein in affirming an order denying class certification. The court considered conditions precedent to suit, however, only in deciding whether the order denying class certification had support in the record. The named plaintiffs in GTE Florida had applied to the Department of Revenue for refunds in accordance with section 215.26, Florida Statutes. The Second District concluded that the named plaintiffs were not appropriate class representatives because "all of the potential members of the class would be required to apply for a refund," P.R. Mktg. Group, 747 So.2d at 964, and it did not appear that anybody other than the named plaintiffs had done so.