825 So.2d 351 (2002)
Marc D. SARNOFF, et al., Petitioners,
v.
FLORIDA DEPARTMENT OF HIGWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. SC01-351.
Supreme Court of Florida.
August 22, 2002.
*352 Scott D. Makar, Alan Wachs, and Catherine T. King of Holland & Knight LLP, Jacksonville, FL, for Petitioners.
Robert A. Butterworth, Attorney General, and Eric J. Taylor, Assistant Attorney General, Tallahassee, FL, for Respondent.
QUINCE, J.
We have for review the decision of the First District Court of Appeal in State Department of Highway Safety & Motor Vehicles v. Sarnoff, 776 So.2d 976 (Fla. 1st DCA 2000), which is alleged to expressly and directly conflict with this Court's decision in Department of Revenue v. Nemeth, 733 So.2d 970 (Fla.1999), cert. denied, 528 U.S. 871, 120 S.Ct. 173, 145 L.Ed.2d 146 (1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we approve the First District's decision.

MATERIAL FACTS AND PROCEEDINGS BELOW
Marc D. Sarnoff is a member of a class of automobile owners (petitioners) who filed an action in the circuit court for declaratory judgment. Petitioners challenged the constitutionality of section 325.214(2), Florida Statutes (1995)[1] and *353 the interpretation and implementation of the statute[2] made by the Department of Highway Safety and Motor Vehicles (the Department). The circuit court granted class certification. The Department appealed the circuit court's order granting certification to the First District Court of Appeal. The Department argued that the circuit court had improperly exercised jurisdiction over the case because petitioners had failed to comply with the requirements of section 215.26 Florida Statutes (1995), which requires the filing of an administrative claim before bringing an action in circuit court.[3] The Department also argued that this Court's decision in Nemeth, which allows a taxpayer to file directly in circuit court without filing an administrative claim pursuant to section 215.26, was inapplicable to the instant case, because petitioners' claim involved an as-applied challenge rather than a facial challenge to the constitutionality of a statute.
On appeal, the First District partially reversed the decision of the circuit court. See Dep't. of Highway Safety & Motor Vehicles v. Sarnoff, 776 So.2d 976, 981 (Fla. 1st DCA 2000). The First District found that the circuit court did not have jurisdiction over count I of petitioners' amended complaint because they had failed to seek relief from the Comptroller pursuant to section 215.26.[4] The First District recognized that Department of Revenue v. Nemeth, 733 So.2d 970 (Fla. 1999), provided a direct file exception to *354 section 215.26. However, the First District reasoned that this Court intended for the direct file exception in Nemeth to be applicable to facial, rather than as-applied, challenges to the constitutionality of a statute. Since petitioners challenged only the agency's interpretation of section 325.214 in count I, the First District found that the direct file exception did not apply.

LAW AND ANALYSIS
The resolution of this case requires a determination of the scope of this Court's decision in Nemeth. In Nemeth, a group of taxpayers who had failed to seek an administrative refund challenged the constitutionality of a statute imposing an impact fee on a certain class of automobiles. This Court expressly held in Nemeth:
[A] Florida taxpayer may file directly in the appropriate court without filing an administrative claim pursuant to section 215.26 if the sole basis for the refund is that the tax is unconstitutional. We recognize that the Comptroller cannot declare a tax unconstitutional, and thus, when the claim is solely that the refund is required because the tax is unconstitutional, to file the claim with the Comptroller would be a futile act.

See id. at 974 (emphasis added). However, this Court explained that a taxpayer qualifying for the direct-file exception is still required to file suit within three years of payment as required by section 215.26(2).
The Nemeth decision clarified this Court's opinion in Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994). In Kuhnlein, the petitioners challenged the constitutionality of a statute imposing an impact fee on cars purchased or titled in other states by individuals later establishing permanent residency in Florida. The State argued that the petitioners should be denied relief because they had failed to comply with the requirements of section 215.26, Florida Statutes (1993). The Court rejected this argument and, since the parties had raised a challenge to a facially unconstitutional statute, it held there was no need to request a refund pursuant to section 215.26.
Since Kuhnlein and Nemeth involved facial challenges to the same statute, the First District reasoned that the direct-file exception created by the decisions should be interpreted as applying only to challenges to the facial validity of a statute. See Sarnoff, 776 So.2d at 981.
It is well accepted that a challenge to the facial constitutionality of a statute cannot be resolved by an administrative agency. See Dep't of Revenue v. Young Am. Builders, 330 So.2d 864, 865 (Fla. 1st DCA 1976). In Key Haven Associated Enterprises., Inc. v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153, 157 (Fla.1982), this Court acknowledged that "[i]f the statute being implemented by an agency is claimed to be facially unconstitutional, the circuit court may, in appropriate circumstances, entertain a declaratory action on the statute's validity." When the administrative process can have no impact on the constitutional issues presented to the court, it would be "pointless to require applicants to endure the time and expense of full administrative proceedings." See id. (quoting Gulf Pines Mem'l Park, Inc. v. Oaklawn Mem'l Park, Inc., 361 So.2d 695, 699 (Fla.1978)). Conversely, where an as-applied challenge to a rule is raised, courts have held that an individual must exhaust administrative remedies before proceeding to circuit court.[5] The Court in Key Haven observed:

*355 A suit in the circuit court requesting that court to declare an agency's action improper because of such a constitutional deficiency in the administrative process should not be allowed.... [A]dministrative remedies must be exhausted to assure that the responsible agency "has had a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue."
427 So.2d at 158.
Here, the crux of petitioners' argument is based upon the assertion that this case involves a challenge to the validity of a tax statute. Count I of petitioners' complaint alleges that section 325.214(2) is "unconstitutional as implemented" by the Department because "by charging a fee in excess of the actual cost of administration, the excess portion of the fee actually constitutes an unauthorized and unlawful tax." Essentially, count I centers around the allegation that the $10 fee imposed by the Department's rule is in excess of the amount actually needed to administer the program.[6] Although petitioners have framed count I as a constitutional challenge to section 325.214(2), their challenge is really to the rule promulgated by the Department to implement the statute. Since petitioners are challenging an agency rule, the administrative process must be adhered to because adequate remedies may exist within the administrative realm. See, e.g., Rice v. Dep't of Health & Rehabilitative Servs., 386 So.2d 844, 846 (Fla. 1st DCA 1980) (holding that parents seeking to challenge the department's rule which required the child of a married couple to be registered under the father's surname must first exhaust administrative procedures before filing an action in court).
Petitioners contend that section 215.26 does not permit the Comptroller to give a refund outside of the conditions detailed in the statute. Section 215.26 provides the mechanism for receiving a refund from the State. The purpose of this statute is to allow the Comptroller to give refunds from the fund to which payment was made. See State ex. rel. Hardaway Contracting Co. v. Lee, 155 Fla. 724, 21 So.2d 211, 212 (1945). Generally, an individual is required to request a refund under this statute before proceeding to circuit court. See Westring v. State Dep't of Revenue, 682 So.2d 171, 172 (Fla. 3d DCA 1996). Whenever a request for a refund does not fall within the statutory requirements, it is permissible for the Comptroller to refuse to grant a refund. See Estate of W.T. Grant Co. v. Lewis, 358 So.2d 76, 80 (Fla. 1st DCA 1978), aff'd, 370 So.2d 764 (Fla.1979). Petitioners argue that it would be futile to seek relief from the Comptroller pursuant to section 215.26, because the statute does not specifically give the Comptroller the power to give a refund where the basis claimed for the refund is that the agency rule setting the fee is unconstitutional.
The First District considered a similar argument in Florida Livestock Board v. Hygrade Food Prod. Corp., 145 So.2d 535 (Fla. 1st DCA 1962). In that *356 case Hygrade filed an action in circuit court seeking a refund of inspection fees paid under protest to the Florida Livestock Board. Hygrade argued that the board was not lawfully authorized to inspect federally inspected frozen meat entering the State of Florida and to charge a fee for such inspections. The circuit court entered summary judgment in favor of Hygrade, and the board sought review. The board argued that because Hygrade had failed to comply with section 215.26, its claim was barred. Hygrade countered, arguing that the exhaustion of administrative remedies pursuant to section 215.26 was not required because the statute was inapplicable to refunds of monies paid as inspection fees. The First District rejected this argument, reasoning:
If such position is correct, then no means have been provided by law whereby inspection fees charged by the many state agencies ... may be refunded, if such payments are made through error, or where no fee was due, or through overpayment resulting from inadvertence or mistake. Under Hygrade's theory the only means by which one may secure relief from the payment of inspection fees under any of the circumstances above enumerated would be to bring suit against the governmental entity which accepted the fee, and secure a money judgment for the amount of fees illegally or erroneously paid. Such a theory would subject the various governmental departments and agencies of the state to untold litigation which in many cases would be wholly unnecessary where the error or overpayment was acknowledged by the state, and a willingness to rectify the error was manifested.
Id. at 538. The court further noted that the statute provided for the refund of such fees, because the fees constituted a payment made into the state treasury by error. We agree with this reasoning. Section 215.26 does permit the Comptroller to give a refund of inspection fees paid pursuant to an agency rule that improperly implements a statutory provision, because such fees constitute payment made into the state treasury by error.
Here, it should be noted that petitioners have failed to show that recourse to the administrative process would have been futile. Petitioners could have instituted a rule challenge proceeding pursuant to chapter 120 of the Florida Statutes. Section 120.56 permits a person "substantially affected" by a rule to seek an administrative determination of the rule's validity. See § 120.56, Fla. Stat. (2001). Additionally, a person whose interests are "substantially affected" by an agency's action may file a petition for a formal hearing conducted by an administrative law judge. See § 120.569, Fla. Stat. (2001). A claimant is entitled to judicial review of final agency action and the administrative law judge's order in the district court of appeal. See § 120.68, Fla. Stat. (2001). Thus, petitioners' argument that the statute could not provide relief is without merit.[7] The existence *357 of administrative remedies is what distinguishes this case from Nemeth because there the petitioners challenged a fee set by a statute. Accordingly, neither the Department of Administrative Hearings nor the Comptroller had the authority to invalidate the statutorily imposed fee.
We conclude that a party seeking a refund based on the unconstitutionality of an agency rule must complete the administrative process through the executive branch before proceeding to court. If the party does not receive full relief through the administrative process, the individual may file suit in court. Although this Court made no distinction between facial and as-applied claims in Nemeth, that decision is based upon the futility of requiring a taxpayer to exhaust administrative remedies pursuant section 215.26 where a refund claim is based on the facial unconstitutionality of a statute. Thus, Nemeth recognizes, as the Court in Key Haven pointed out, where administrative proceedings cannot have any effect on the constitutional issue to be presented to the court, it is pointless to require the parties to endure the time and expense of administrative proceedings. See Key Haven, 427 So.2d at 157. However, the Nemeth decision in no way eliminated the administrative process outlined in section 215.26. Completion of the administrative process ensures that a reviewing court will have the record needed in order to provide the litigants with the appropriate relief. See Baillie v. Dep't of Natural Resources, 632 So.2d 1114, 1119 (Fla. 1st DCA 1994).
The Nemeth Court expressly limited the direct-file exception to plaintiffs seeking to challenge the constitutionality of a statute and seeking a refund; a person seeking a refund on any other grounds must still comply with the requirements of the refund statute. See Nemeth, 733 So.2d at 975 n. 6. Here, petitioners' claim involves a challenge to an agency rule. Therefore, petitioners' failure to file a request for a refund with the Comptroller as required by section 215.26 bars their right to seek a refund under count I of the amended complaint.

CONCLUSION
We therefore hold that the direct-file exception created by this Court in Nemeth and Kuhnlein is available only when a taxpayer is seeking a refund pursuant to section 215.26, and the sole basis claimed for the refund is that the statute imposing the tax or fee is facially unconstitutional. This decision upholds the long-standing practice of allowing an individual to bypass the administrative process when the facial constitutionality of a statute is challenged. It also preserves the practice of giving administrative agencies the opportunity to address challenges to the validity of agency rules. Thus, based on these principles, the trial court erred by awarding class certification on count I of petitioners' amended complaint. Accordingly, the First District Court of Appeal's decision reversing the trial court's order granting class certification for that count is approved.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, WELLS, and PARIENTE, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] Section 325.214, Florida Statutes (1995), required all registered vehicle owners in Duval, Dade, Broward, Hillsborough, Palm Beach, and Pinellas counties to have their vehicles inspected annually for emissions. The statute, which was effective from 1988 to July 1, 2000, provided in part:

(1) All moneys received by the department pursuant to this chapter, less the deductions required by s. 215.20, shall be deposited into the Highway Safety Operating Trust Fund.
(2) The department shall set an inspection fee not to exceed $10. By rule, the department shall set a regulatory amount to be included in the fee which is commensurate with the cost of administering and enforcing the inspection program. It is the intent of the Legislature that the program be self-supporting. Notwithstanding any other provision of law to the contrary, an additional fee of $1 shall be assessed upon the issuance of each dealer certificate, which fee shall be forwarded to the department for deposit into the Highway Safety Operating Trust Fund.
[2] To implement section 325.214, the Department of Highway Safety and Motor Vehicles promulgated rule 15C-6.003, Emissions Inspection Fee for Annual Emissions Inspections, which provides:

(1) This rule establishes the motor vehicle emissions inspection fee to be collected by the inspection station contractors in each contract zone of the program area pursuant to Section 325.214, F.S., and also establishes the inspection fee to be collected by government self-inspectors which have been authorized by the department to inspect motor vehicles owned by other government agencies.
(2) Motor Vehicle Emissions Inspection Fee
(a) The emissions inspection fee to be charged by inspection station contractors within each contract zone is $10.00 per inspection.
1. The fee will be collected at an inspection station for the initial inspection and every even numbered reinspection.
2. The difference between the contractor contract price for an emissions inspection and the inspection fee shall constitute the department's administrative fee.
(b) The emissions inspection fee to be charged by a government self-inspector authorized by the department to inspect motor vehicles owned by other government agencies is $5 per inspection. The fee shall be collected by the government self-inspector for the initial inspection and every even numbered reinspection.
[3] Section 215.26, Florida Statutes (1995), provided in relevant part:

(1) The Comptroller of the state may refund to the person who paid same, or his or her heirs, personal representatives, or assigns, any moneys paid into the State Treasury which constitute:
(a) An overpayment of any tax, license, or account due;
(b) A payment where no tax, license, or account is due; and
(c) Any payment made into the State Treasury in error; ...
. . . .
(4) This section is the exclusive procedure and remedy for refund claims between individual funds and accounts in the State Treasury.
[4] The appeal to the First District concerned only count I of the amended complaint, which was the request for declaratory judgment. Count II, which involved a facial challenge to the validity of section 325.214 was certified as a class action without petitioners having sought a refund from the Comptroller.
[5] Petitioners argue that the First District's reliance on this Court's decision in Key Haven conflicts with our decision in Department of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla. 1978); however, no conflict exists. The taxpayer's challenge in Amrep was to the facial validity of a statute levying a tax assessment. See id. at 1349. Here, the First District also held that such a challenge did not require the exhaustion of administrative procedures.
[6] Petitioners contend that the actual amount for each inspection ranged from $5.90 to $8.50 per vehicle. Petitioners estimate that the cost of administration and enforcement to the Department was $0.40 per vehicle.
[7] Additionally, section 215.26 does contemplate the right of a taxpayer to seek a refund where the refund is based upon a challenge to an agency rule. Section 215.26(2) provides:

The Comptroller may delegate the authority to accept an application for refund to any state agency, or the judicial branch, vested by law with the responsibility for the collection of any tax, license, or account due. The application for refund must be on a form approved by the Comptroller and must be supplemented with additional proof the Comptroller deems necessary to establish the claim; provided, the claim is not otherwise barred under the laws of this state. Upon receipt of an application for refund, the judicial branch or the state agency to which the funds were paid shall make a determination of the amount due. § 215.26, Fla. Stat. (2001) (emphasis added). Although not required, the Comptroller has assigned applications for refunds to the appropriate agency in order to determine the validity of the claim. See, e.g., State ex rel. Devlin v. Dickinson, 305 So.2d 848 (Fla. 1st DCA 1974).